William M. O'Flaherty, d/b/a O'Flaherty Harbor Service, Plaintiff-Appellee, v. Lee I. Osborn, d/b/a Osborn Construction Company, Defendant-Appellant.

Gen. No. 60–F–18.

Fourth District.

May 25, 1960.

Schroder and Schroder, of Rock Island (William B. Schroder, Jr., of counsel) for appellant.

Ralph T. Smith, of Alton, for appellee.

CULBERTSON, J.

This is an appeal from the Circuit Court of Madison County in which a judgment was entered in favor of the plaintiff, William M. O'Flaherty, d/b/a O'Flaherty Harbor Service, in the amount of $1500 plus costs of suit. The case originated as an action on an oral contract for rental of a barge, for damages in the claimed amount of $2440, together with 6% interest from the date the obligation became due and payable. Defendant had entered a special appearance contesting the jurisdiction of the Court, setting up the fact of nonresidence in the State of Illinois, and that the complaint alleged no facts to justify personal service on a nonresident. Plaintiff amended, following leave of Court, which was finally concluded in open Court; and following such amendment defendant filed an answer admitting the leasing of the barge, but disputing the terms of the oral contract for leasing.

On appeal in this Court the defendant contends (first) that the Court was without jurisdiction to enter judgment against defendant; and (secondly) that the Court's decision could not have been based upon the pleading of an oral contract, but must have been upon a theory of quantum meruit; and that, consequently, there was a variance between the pleadings and the proof.

■ Where a party enters a special appearance questioning the jurisdiction of the Court over his person, and thereafter makes a general appearance, jurisdictional questions raised in the special appearance are deemed to be waived (Freesen v. Scott County Drainage & Levee Dist., 283 Ill. 536, 119 N. E. 625).

In the instant case, the amended complaint followed by the defendant's answer thereafter, eliminated the question of jurisdiction over the person of defendant.

On trial of the action there was evidence to the effect that an oral contract was entered into between the plaintiff and the defendant for rental of a barge. There was testimony to the effect that the barge had been leased for thirty days for a rental of $300, and was to be returned after thirty days. The plaintiff notified defendant that rental for the barge after the expiration of thirty days would be at the rate of $40 per day, and plaintiff during the time defendant refused to return the barge, was forced to rent a similar barge for use in his business, at the rate of $30 per day. Defendant admitted he kept the barge for three months, but stated that he rented it for the balance of the navigating season, at a rental rate of $300 per month. He stated he sent a check to plaintiff for $600, which he considered to be in full payment for the additional two month period. The Court concluded that an allowance of $1500 was justified under the evidence before the Court. The issue presently raised on appeal emphasizes that the plaintiff pleads an express oral contract, and that recovery was obviously allowed on a quantum meruit basis, or on the basis of an implied contract.

In the case of Anderson v. Biesman & Carrick Co., 287 Ill. App. 507 (at page 511), 4 N.E.2d 639, the Court in determining a similar question stated, "when the complaint counts upon a special contract and the plaintiff fails in the establishment of the same, but does show that in fact services were rendered, he may recover upon a quantum meruit. Such rule has long been the settled law." The Court in the trial of this cause apparently weighed the plaintiff's theory which would have resulted in a rental of $2400, as against defendant's theory which would have resulted in a

rental of $600, and apparently determined that the fair value under all the facts and circumstances was $1500 and, accordingly, entered judgment for that amount.

█ There was no surprise resulting from the method of pleading insofar as the defendant was concerned, since the issue was the use of the plaintiff's barge for the stated period of three months. Defendant was aware of the fact that the action arose from a dispute as to the amount of rent which he owed for the barge. Certainly defendant had reasonable information as to the nature of the claim he was called to meet in compliance with Chapter 110, Section 42 (2) of the 1959 ILLINOIS REVISED STATUTES. On the issue of variance between the pleadings and the proof, the statutes of this state, supported by decisions of Reviewing Courts, have consistently concluded that all defects in pleading, either in form or in substance, not objected to in the Trial Court, are waived (1959 ILLINOIS REVISED STATUTES, Chapter 110, Section 42 (3)). There was no objection on the ground of variance in the trial of this cause, and since defendant failed to raise such question during the trial he cannot now raise it for the first time on appeal.

The judgment of the Circuit Court of Madison County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.