Florence Rasmussen and Fred G. Elfring, Plaintiffs-Appellees, v. The Village of Bensenville, a Municipal Corporation, Defendant-Appellant, and First Evangelical United Brethren Church of Bensenville, Illinois, Intervenor-Appellant.

Gen. No. 64–70.

Second District.

March 2, 1965.

Rehearing denied April 9, 1965.

Corrigan and Mackay, of Wheaton (John R. Mackay, of counsel), William A. Redmond, of Bensenville, for Village of Bensenville, defendant-appellant, Thomas H. Price, of Elmhurst, for First Evangelical United Brethren Church of Bensenville, intervenor-appellant.

Schmid & Orstrom, of Glen Ellyn (Paul S. Schmid, of counsel), for appellees.

DAVIS, J.

This is an appeal from a declaratory judgment, entered by the Circuit Court of DuPage County, that the Zoning and Location Ordinances of the Village of Bensenville, are unlawful and void in prohibiting the use of plaintiffs' real estate as a gasoline station. We find the Location Ordinance to be valid and reverse the trial Court without considering the validity of the Zoning Ordinance.

The location prohibition is contained in Section 5 of Article 9 of an Ordinance providing for issuing and revoking of licenses. It provides, in pertinent part, as follows:

"No tank for the storage of flammable liquids shall be installed in any lot or plot of ground where any of the boundaries of such lot or plot of ground are

within two hundred feet of the nearest boundary of any lot or plot of ground used for a school, hospital, church, or theater."

Intervenor-Appellant, First Evangelical United Brethren Church of Bensenville, Illinois, herein called the Church, and the defendant, The Village of Bensenville, herein called the Village, by answer, pleaded Section 5 of said Ordinance as an affirmative defense, and alleged that the easterly boundary of plaintiffs' real estate is less than 200 feet from the westerly line of real estate owned and used by the Church. In reply to said answers, plaintiffs admitted such fact.

Plaintiffs further charged that the distance required by the Location Ordinance constitutes an unequal application of the law, is discriminatory as applied to plaintiffs' property, deprives plaintiffs of due process and equal protection of the law, and takes plaintiffs' property for public use without just compensation, all in violation of the 14th Amendment of the Constitution of the United States of America, and Sections 2 and 13 of Article II of the Constitution of the State of Illinois.

In addition, plaintiffs asserted that Sections 2 and 4 of Article 9 are invalid in that they do not provide any standards for guidance of the Village in determining whether a license should issue; that Section 6 thereof imposes such severe penalties as to deprive plaintiffs of due process of law; and that said sections are violative of the 14th Amendment to the Constitution of the United States, and Section 2 of Article II of the Illinois Constitution.

██ ██ In Drovers Trust & Sav. Bank v. Chicago, 18 Ill2d 476, 165 NE2d 314 (1960), frontage consent ordinances, or such provisions within ordinances, were held to be invalid and unconstitutional. Therefore, the frontage consent provisions of Section 5 of Article

9 are unconstitutional. Such fact, however, does not necessarily invalidate the remainder of section 5 or Article 9. These consent provisions are severable and do not render the remainder of the ordinance invalid. Yellow Cab Co. v. City of Chicago, 23 Ill2d 453, 464, 178 NE2d 330 (1961); The People ex rel. Adamowski v. Wilson, 20 Ill2d 568, 582, 170 NE2d 605 (1960).

The Municipal Code gives corporate authorities of each municipality the power to regulate and prevent the storage of combustibles (Ill Rev Stats 1963, c 24, par 11–8–4) and to classify, regulate and restrict the location of industries and the location of buildings designed for specified industrial, business, residential and other uses. (Ill Rev Stats 1963, c 24, par 11–13–1.) The Village had authority to adopt a regulatory ordinance of the type in question. Plaintiffs have asserted that this was a licensing, and not a location, ordinance. However, such exercise in semantics solves nothing; it is tilting at windmills.

■ ■ The power of municipalities to provide for the location of gasoline stations at reasonable minimum distances from schools, churches, hospitals and other similar buildings, is no longer open to question. Under the police powers of the State, new burdens may be placed upon property and new restrictions upon its use when the public welfare so demands. Such ordinances are designed to guard against danger from fires and explosions, and unless the particular requirement is shown to be arbitrary and unreasonable, its validity will be upheld. Cities Service Oil Co. v. City of Des Plaines, 21 Ill2d 157, 160, 171 NE2d 605 (1961); Chicago Title & Trust Co. v. Village of Lombard, 19 Ill2d 98, 104, 166 NE2d 41 (1960); Bulk Petroleum Corp. v. Chicago, 18 Ill2d 383, 385, 164 NE2d 42 (1960); and City of Ottawa v. Brown, 372 Ill 468, 471, 472, 24 NE2d 363 (1939).

Ordinances of the type in question give special protection to places where people are apt to be congregated under circumstances that may impair their chances to escape from the dangers inherent to inflammable liquids. To attack the validity of this ordinance as applied to their property, plaintiffs must show that the purpose served by the ordinance is improper or that the means selected are not reasonably suited to effectuate this purpose.

Upon the trial, plaintiffs offered some evidence to challenge the propriety of the municipal objective or the reasonableness of the 200-foot requirement. The Village offered comprehensive and compelling evidence to sustain the validity of the Location Ordinance. Under these circumstances, the propriety of the location limitation, subject to valid constitutional objections, was established.

Plaintiffs assert that the ordinance is not equally applied because a presently operating Sinclair Service Station located at the southeast corner of York Road and Green Avenue is only 181 feet from plaintiffs' real estate. The evidence established that this gasoline station was erected in 1938 and that the Location Ordinance was adopted in 1946: it was therefore a non-conforming use. This gives rise to the question of whether legislative consideration for this existing property right furnished a valid basis for classification in the regulatory ordinance, or whether this amounts to a constitutional violation of due process or equal protection of the law.

Our Zoning statute recognizes that a nonconforming use is a property right which the municipality may not take away or limit, except in such ways as may be necessary for public health, comfort, safety or welfare. (Ill Rev Stats 1963, c 24, par 11–13–1). Also see: Schneider v. Board of Appeals of Ottawa, 402 Ill 536, 543–545, 84 NE2d 428 (1949); McCoy v. City of

Knoxville, 41 Ill App2d 378, 382, 190 NE2d 622 (2nd Dist 1963); Village of Lake Bluff v. Horne, 24 Ill App2d 343, 352, 353, 164 NE2d 217 (2nd Dist 1960); 58 Am Jur, Zoning, p 1021, Sec 146. However, the statute also expressly authorizes the municipality to make provision for the gradual elimination of uses, buildings and structures which are incompatible with the character of the districts in which they are located.

In Vendley v. Village of Berkeley, 21 Ill2d 563, 173 NE2d 506 (1961), the facts relative to a non-conforming use were identical with those in the case at bar, but the trial Court upheld the validity of the Location Ordinance. The plaintiffs there contended that because the ordinance prohibited the installation, and not the maintenance, of gasoline equipment, it applied only to those stations erected after its passage, thus creating an unreasonable classification, denying them the equal protection of the law. In passing upon this contention, the Supreme Court stated as follows, at page 566:

> "It is generally held that consideration for existing property rights furnishes a legitimate basis for classification in legislation of a regulatory nature (12 Am Jur, Constitutional Law, sec 486, pp 164–165; 101 CJS Zoning sec 63, pp 794, 938), and this principle has long been recognized in our zoning statute (Ill Rev Stats 1959, chap 24, par 73–1) and in cases dealing with ordinances restricting the use of private property. (Citing authorities.) As we stated in City of Aurora v. Burns, 319 Ill 84, at 96, where the constitutionality of a nonconforming use was upheld: 'To exempt buildings already devoted to a particular use from a prohibition against such use of buildings thereafter erected in a specified area is not an unlawful

discrimination. Such a classification has a sound basis and is reasonable.' "

Under factual circumstances similar to those in the case at bar, the Court, in Schwartz v. City of Chicago, 19 Ill2d 62, 166 NE2d 59 (1960), at page 65 stated:

"Evidence of the operation of a filling station across the street west from the school is not impressive since it was located there prior to the adoption of any of the ordinances here involved, including the zoning ordinance of 1942."

Plaintiffs have cited cases from other jurisdictions which hold that location ordinances of the type under consideration are unconstitutional in that they do not apply to all non-conforming uses. (Standard Oil Co. v. City of Charlottesville, 42 F2d 88 (CA 4th, 1930); Boothby, et al. v. City of Westbrook, 138 Md 117, 23 Atl2d 316 (Maine 1941).) However, in view of Illinois legislative recognition of non-conforming uses, and of the Illinois Court decisions on this subject, we find no constitutional objection to the Location Ordinance on the ground of discrimination and unequal application with reference to the nonconforming use.

Plaintiffs urge that sections 2 and 4 of Article 9 are invalid because they totally fail to prescribe rules or regulations for the guidance of the inspection officer. They also assert that section 6 of Article 9 exacts penalties so severe as to effectively deny the constitutional guarantees of due process and equal protection of the law.

In City of Elmhurst v. Buettgen, 394 Ill 248 at page 254, 68 NE2d 278 (1946) the Court stated:

"It is contended that the ordinance is unconstitutional and void because it is unreasonable. It is said that it prohibits the use of the sidewalks

by baby carriages, toy wagons and pet dogs. Even if the ordinance be so construed, it would not follow that, because its provisions to that effect might be void, the prohibition against driving motor vehicles over sidewalks is also invalid. . . . It is an established rule that courts will not entertain an objection to the constitutionality of a statute made by a party not in any way aggrieved thereby, unless the unconstitutional feature, if it exists, is of such character as to render the entire act void. (People v. Day, 313 Ill 531.) One who would attack a statute or ordinance as unconstitutional must bring himself within the class as to whom the law is unconstitutional. Appellant does not contend that he is aggrieved by the provisions complained of as denying baby carriages, toy wagons and pet dogs the use of sidewalks. Courts only determine the validity of a statute or ordinance in the light of the factual background presented by the record. Constitutional questions are not dealt with in the abstract. (11 Am Jur 753, sec 111, and cases cited in note 18.) The ordinance in question must be held valid and constitutional as against the objections urged by appellant.

See also: The People v. Estep, 6 Ill2d 127, 128, 126 NE2d 637 (1955); Village of Itasca v. Luehring, 4 Ill2d 426, 429, 430, 123 NE2d 312 (1954); Liberty Nat. Bank v. Collins, 388 Ill 549, 558, 559, 58 NE2d 610 (1945); Mammina v. Alexander Auto Service Co., 333 Ill 158, 163, 164 NE 173 (1928); and City of Chicago v. Adelman, 326 Ill 58, 63, 156 NE 791 (1927).

■ The foregoing rule of law would preclude plaintiffs from raising the constitutional objections relative to sections 2, 4 and 6 of Article 9, the inspection and penalty sections of the Article. They are not aggrieved by these sections.

■ In this Court, for the first time, the plaintiffs offer objection to the ruling of the trial Court permitting the Church to intervene. The Church served notice on the parties to this proceeding of its intention to file a petition for leave to intervene as a defendant in said suit and of hearing thereon. No objection to such intervention was offered by either plaintiffs or the Village, and an order was entered allowing intervention. The failure of plaintiffs to object to the ruling of the trial Court on this question, precludes them from raising the question on appeal. The action of the trial Court in failing to do what it was never asked to do, cannot be assigned as error. Saladino v. City of South Beloit, 9 Ill2d 320, 325, 137 NE2d 364 (1956); Pickus v. Board of Education of Chicago, 9 Ill2d 599, 610, 138 NE2d 532 (1956).

For these reasons, the judgment of the Circuit Court of DuPage County is reversed.

Judgment reversed.

ABRAHAMSON, P. J. and MORAN, J., concur.