*In re* LEYDEN FIRE PROTECTION DISTRICT, Petitioner-Appellant.

(No. 54801; )

First District—March 2, 1972.

Albert A. Klest, of Park Ridge, for appellants.

Henry J. Hyde and Richard E. Dowdle, both of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

On February 24, 1966, the Leyden Fire Protection District filed a petition in the Circuit Court, pursuant to Ill. Rev. Stat. 1965, ch. 127½, par. 38.3, alleging that the Village of Franklin Park had at various times in the past annexed parcels of land located within the boundaries of the district. The district sought a court order prohibiting the disconnection of its territory by the Village.

In June, 1966, the Village appeared and moved to dismiss the district's petition. The motion asserted that the territory claimed by the district

had been disconnected by operation of law. A hearing was not held until October, 1969, at which time the court granted the motion to dismiss but permitted the district to file an amended petition. After this was done the Village again filed a motion to dismiss. At a hearing held in December, 1969, the motion was granted and the district appeals.

■■ The district first contends that since the Village neither had been joined as a party nor expressly granted leave to intervene, it lacked standing to file a motion to dismiss. It also argues that the Village was without right to file a motion to dismiss because the statute which empowered the district to file its petition made no specific reference to a municipality becoming a party when action was taken upon the petition. The record does not disclose that either of these objections was made in the trial court. The failure of the district to object to the intervention of the Village precludes the raising of the issues for the first time on appeal. (*People v. Rockford Silver Plate Co.* (1944), 388 Ill. 534, 58 N.E.2d 599.) That the trial court failed to do what the petitioner never asked it to do, cannot be assigned as error. *Rasmussen v. Village of Bensenville* (1965), 56 Ill.App.2d 119, 205 N.E.2d 631.

■■ Furthermore, no statute prohibits municipal intervention in a situation of this kind. Ill. Rev. Stat. 1965, ch. 110, par. 26.1(1) (c) indicates that a party may intervene "when the applicant is so situated as to be adversely affected by a * * * disposition of property * * * subject to the control or disposition of the court * * *." As the Village had a substantial interest in the determination of the territory over which it was to provide fire protection, it did not lack standing to be a party.

■■■ The district next argues that the motion to dismiss was fatally defective because the motion was not accompanied by a supporting affidavit. Again, the district failed to raise this objection when the motion was presented in the trial court. All defects in pleadings, either in form or substance, not objected to in the trial court are waived. (Ill. Rev. Stat. 1965, ch. 110, par. 42(3); *City of Chicago v. Vokes* (1963), 28 Ill.2d 475, 193 N.E.2d 40; *O'Flaherty v. Osborn* (1960), 26 Ill.App.2d 152, 167 N.E.2d 563.) This rule has been held applicable to situations where, as here, a party failed to object at the proper time or in the proper manner to defects in a motion to dismiss, including the absence of an affidavit supporting the motion. *Department of Finance v. Schmidt* (1940), 374 Ill. 351, 29 N.E.2d 530; *Chimerofsky v. School District No. 63* (1970), 121 Ill.App.2d 371, 257 N.E.2d 480.

The Village's motion to dismiss charged that the district's petition of February 24, 1966, did not comply with the law inasmuch as it was filed to late. The motion alleged that the prevailing law (Ill. Rev. Stat. 1965, ch. 127½, par. 38.3) provided that unless a petition protesting disconnec-

tion was filed within 60 days after the effective date of the Amendatory Act of 1965—which the Village contended was July 1, 1965,—any territory within a Fire Protection District annexed to a Village prior to that date became disconnected from the district by operation of law as of January 1, 1966. The district urges that if a property construction is given to the statute its effective date will be found to be January 1, 1966; thus, its petition of February 1966 was filed well within the statutorily required time limit of 60 days. The statute provides in pertinent part:

"Any territory within a fire protection district that is or has been annexed to a city, village or incorporated town that provides fire protection for property within such city, village or incorporated town is, by operation of law, disconnected from the fire protection district as of the January first after such territory is annexed to the city, village or incorporated town, or in case any such territory has been so annexed prior to the effective date of this amendatory Act of 1965, as of January 1, 1966. Such disconnection by operation of law does not occur if, within 60 days after such annexation or after the effective date of this amendatory Act of 1965 whichever is later, the fire protection district files with the appropriate court a petition * * *."

■■ Under the Constitution of 1870 an act became effective on the July 1st following its passage, unless it was passed as a special emergency measure. (Ill. Const. 1870, Art. 4, par. 13; *Smith v. Thomas* (1925), 317 Ill. 150, 147 N.E. 788.) The 1965 Illinois Revised Statutes indicate that paragraph 38.3 of chapter 127½ was added by an amendatory act approved May 13, 1965. When construing a statute it is to be presumed that the legislature intended the words to have their ordinary meaning. (*People v. Spencer* (1971), (Ill.App.2d), 268 N.E.2d 192; *People v. LaPorte* (1960), 28 Ill.App.2d 139, 171 N.E.2d 95.) The language of the statute gives no indication of a legislative intention that its effective date should be other than July 1, 1965. The district's assumption that the effective date of paragraph 38.3 was January 1, 1966, was erroneous. To have prevented the disconnection of its territory by operation of law the Leyden Fire Protection District would have had to file its petition within 60 days of July 1, 1965.

The judgment of the trial court is affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.