CONTINENTAL GRAIN COMPANY, Plaintiff-Appellant, *v.* FMC CORPORATION, Defendant-Appellee.

(No. 60330;

First District (5th Division)—April 11, 1975.

*Rehearing denied May 19, 1975.*

Frederick Mayer, Howard R. Barron, Robert L. Graham, and Jenner & Block, all of Chicago, and Donald J. Bain, of New York, New York, for appellant.

Samuel A. Haubold and Michael T. Hannafan, both of Chicago (Kirkland & Ellis, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff brings this appeal to review the judgments and orders entered on November 7, 1973, and January 28, 1974, which granted defendant's motion and dismissed the complaint, without prejudice, pursuant to paragraph 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)). The court found that there was another action pending between the same parties for the same cause in a Louisiana proceeding. The court also refused to allow plaintiff to file certain discovery.

Plaintiff now contends that: (1) paragraph 48(1)(c) only allows the dismissal of a party's complaint if there has been a "prior" pending complaint or counterclaim filed by that party against the other party to the controversy; (2) the two proceedings were not for the "same cause" as required by paragraph 48(1)(c); (3) plaintiff's requested discovery was improperly denied; and (4) if reversal is not in order, alternatively

the court should reverse the dismissal of the complaint and remand with directions that the lower court enter a stay of proceedings until the Louisiana action has been completed.

The court had before it, when making its decision, the following: (1) plaintiff's Illinois complaint, with the contract between the parties attached as an exhibit thereto; (2) defendant's motion to dismiss; (3) defendant's memorandum in support of its motion to dismiss with the following attached; (a) defendant's Louisiana counsel's affidavit; (b) defendant's Louisiana complaint; (c) plaintiff's answer and set-off in Louisiana; (d) the discovery in the Louisiana proceeding; and (e) citations to pertinent Louisiana law; (4) plaintiff's Illinois counsel's affidavit with regard to plaintiff's discovery motion; (5) plaintiff's memorandum in opposition to defendant's motion to dismiss with the following attached: (a) plaintiff's Louisiana counsel's affidavit; and (b) the certificate of the deputy clerk of the Louisiana court showing when plaintiff's Louisiana answer was filed; and (6) defendant's reply memorandum with a supplemental affidavit of its Louisiana counsel and correspondence between both parties' Louisiana counsel attached.

From the foregoing papers and documents, the following pertinent evidence may be adduced: On or about September 18, 1967, through its Link-Belt Division, defendant submitted its contract proposal (revised on May 22, 1968) to plaintiff, to furnish, sell and deliver certain barge unloading equipment for grain. Plaintiff accepted the contract proposal on June 14, 1968, and defendant signed its approval on July 8, 1968. The purchase price was for more than $1,850,000. Although the contract obligated defendant to deliver on May 30, 1970, in fact the erection of the barge unloader was not completed until November 8, 1970, and the barge unloader was not formally accepted by plaintiff until January 4, 1971.

On September 25, 1972, defendant filed a complaint in Louisiana against plaintiff for the balance due on the purchase price, $153,387.43. Thereafter, as the above mentioned correspondence shows, plaintiff's Louisiana counsel requested and was given an extension of time in which to file plaintiff's answer in Louisiana. On December 28, 1972, plaintiff filed the instant complaint in Illinois against defendant. The following day, December 29, 1972, plaintiff filed its answer and set-off, in Louisiana, against defendant. Defendant's motion to dismiss was made on April 6, 1973.

Plaintiff's Illinois complaint admittedly alleges a cause of action in tort. It alleges (a) the existence of the barge unloader contract and some of its terms (*i.e.,* purchase price and delivery date); (b) representations made by defendant to plaintiff about the capability of the

barge unloader and defendant's expertise; (c) plaintiff's reliance on defendant's representations; (d) that the barge unloader was not manufactured and constructed in accordance with defendant's representations; (e) defects in design and manufacture; (f) defendant's knowledge of said defects; (g) breakdowns in the barge unloader after January 4, 1971; (h) plaintiff's deprivation of the use of the barge unloader during these breakdowns; and (i) damages totaling approximately $500,000.

Plaintiff's Louisiana answer and set-off admittedly alleges a cause of action for breach of contract. In its Louisiana answer plaintiff (a) denies it owes defendant the balance of the purchase price, *i.e.*, $153,387.43, (b) admits the existence of the contract; (c) denies defendant's performance of the contract; and further alleges breach of contract and failure of consideration in that (d) defendant delivered the barge unloader late; (e) due to its improper design, construction and assembly, the equipment operated satisfactorily for only a short period; (f) the barge unloader had breakdowns after February 8, 1971; (g) plaintiff was deprived of the use of the barge unloader during these breakdowns; and (h) plaintiff itemized its damages totaling $481,432.66.

OPINION

The instant controversy involves the construction to be given to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)). It provides as follows:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

> \* \* \*

> (c) That there is another action pending between the same parties for the same cause."

Plaintiff initially contends that paragraph 48(1)(c) can be properly applied to dismiss a party's complaint only if there has been a "prior" pending complaint or counterclaim filed by that party against the other party to the controversy. It then refers this court to the case of *People ex rel. Lehman v. Lehman*, 34 Ill.2d 286, 291, 215 N.E.2d 806, wherein it was stated, "We are aware of no provisions of statute or rule that would indicate that the pendency of an action is to be determined otherwise than by the filing of the complaint." Plaintiff then argues that since its Illinois complaint was filed 1 day before its Louisiana answer and set-off was filed, *Lehman* and section 48(1)(c) do not allow its

Illinois complaint to be dismissed. Furthermore, plaintiff argues that the court erred when it found:

> "For all purposes, involving a fair and proper determination of rights of the parties, that counterclaim down in Louisiana must be treated—and I so do—as having been actually filed at a time legally equivalent and morally equivalent to a date prior to the date the complaint was filed up here."

Plaintiff reasons that *Lehman* foreclosed the use of a balancing test and that the time of filing controls.

■■ The judgment of the court below will be affirmed if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial judge, or his specific findings, are correct or sound. (*W. F. Smith & Co. v. Lowenstein*, 4 Ill.App.3d 153, 280 N.E.2d 547.) In a case involving statutory construction the primary purpose is to ascertain the legislative intention. (*People v. Dednam*, 55 Ill.2d 565, 304 N.E.2d 627.) Furthermore, "[s]ince courts lack legislative powers we are not permitted to add words to a statute to change its meaning." *People v. Community High School Dist. No. 128*, 50 Ill.App.2d 445, 452, 200 N.E.2d 609.

■■ This paragraph has previously been the subject of statutory construction. When construing this paragraph, the court in *Skolnick v. Martin*, 32 Ill.2d 55, 59, 203 N.E.2d 428, stated:

> "Furthermore, the Civil Practice Act was designed to eliminate the formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. (*Scott v. Freeport Motor Casualty Co.*, 392 Ill. 332.) Indeed, it is the express direction of section 4 that the act shall be liberally construed to the end that controversies may be speedily and finally determined. (Ill. Rev. Stat. 1961, chap. 110, par. 4.) Certainly the elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action are consistent with the purpose and spirit of the Civil Practice Act * * *."

■■ The question arises whether restricting dismissal of complaints only to the situation where a "prior" complaint or counterclaim has been filed furthers the above stated purposes. If we assume that at the time of filing a section 48(1)(c) motion there are two actions pending between the same parties for the same cause, the construction urged upon us by plaintiff will require that in those cases where the Illinois complaint was filed first, the lower court would be foreclosed from dismissing the suit

even though another action is pending in another State. The result would be a multiplicity of litigation with all its attendant burdens. This becomes abundantly evident when we look to the instant factual situation and see that the Louisiana proceeding has progressed for some time and ample discovery has taken place. Although plaintiff suggests the possibility that a defendant could make a similar motion to dismiss the set-off in the second jurisdiction, we do not feel the legislature intended that the statute should be made so dependent on either the possible actions of a defendant or the laws of some other jurisdiction. Since a plaintiff has filed two actions for the same cause, he has brought this problem upon himself, and, therefore, there is no reason why a court should not have the discretion to dismiss the first suit filed. Moreover, this construction is in accordance with the plain meaning of the statute. In effect plaintiff would have us read into the statute the word "prior," and this we refuse to do.

Plaintiff further argues that no Illinois case has dismissed the first complaint filed by a party. Since we have not been able to find any case directly dealing with this issue, and since case authority dealing with a section 48(1)(c) motion is sparse, this lack of prior precedent is neither unusual nor persuasive. We note further that in *Skolnick,* concededly the leading authority on this subject, both the Federal court action and the State court action were filed on the same day, and the court made no mention as to the time of filing of the respective actions. *Bernhardt v. Fritzshall,* 9 Ill.App.3d 1041, 293 N.E.2d 650, cited by plaintiff, is not relevant for the issue was moot, and any language referring to priority in time was mere dictum. *Lehman,* also relied on by plaintiff, does not impose a time priority into section 48(1)(c) as plaintiff suggests. The case does hold that the pendency of an action is to be determined by the time the complaint was filed, but this determination was made in the context that the time of service of process in the two actions was unknown and subject to dispute. The court, therefore, concluded that the time service is effected is irrelevant to a determination of whether an action is pending. Furthermore, the court based its decision, in this child custody case, on the theory that a circuit court in Du Page County cannot declare a Cook County circuit court's order void, for lack of jurisdiction, merely because there were allegedly false allegations as to residency in the latter action. The court held that "the objections to the Cook County court complaint should have been presented to the Cook County court."

Similarly, the other cases cited by plaintiff do not directly contradict the construction we have placed on the statute. Therefore, we hold that paragraph 48(1)(c) permits the dismissal of the first complaint filed by

a party so long as at the time of the motion there is another action then pending between the same parties for the same cause.

The next contention raised by plaintiff is that the Illinois and Louisiana actions are not for the "same cause," as required by section 48(1)(c). Plaintiff argues that the Illinois action is rooted in tort and is based on misrepresentation and negligent design while its Louisiana action is based on breach of contract and stems from defendant's performance of the contract. Plaintiff therefore asserts that its Illinois complaint "is different in scope from is Louisiana set-off, because it involves different wrongs, entails different elements of proof, and seeks different remedies."

■■ Both parties agree that the governing standard was enunciated in *Skolnick* wherein it was stated at page 57:

> 'The section refers to 'the same cause,' not to the same 'cause of action,' and it has been held that actions are 'for the same cause,' when relief is requested on substantially the same state of facts. (*Leven v. Birrell*, 91 N.Y.S.2d 729, 731; *cf. Meier v. Hilton*, 257 Ill. 174; *Carlin v. City of Chicago*, 262 Ill. 564; *James v. Langley*, 323 Ill.App. 268; *Marco v. Dulles*, (D.C.N.Y.) 177 F. Supp. 533, 549-550.) Measured by this test, the two actions here were "for the same cause.' And in any case, we have held that identity of cause of action depends upon identity of transaction or occurrence. *Geneva Construction Co. v. Martin Transportation Co.* 4 Ill.2d 273, 288."

This test has subsequently been invoked in holding a suit for separate maintenance and a divorce action as being for the same cause (*Sidwell v. Sidwell*, 75 Ill.App.2d 133, 220 N.E.2d 479), and a suit on a promissory note and a suit for fraudulent acts in the procurement of the loan as being for the same cause. *Seaboard Finance Co. v. Davis* (N.D. Ill. 1967), 276 F. Supp. 507. But see *Fredman v. Clore*, 13 Ill.App.3d 903, 301 N.E.2d 7.

■■ In *Seaboard* plaintiff therein raised the same distinction between tort and contract theories and argued that the issues, burden of proof and the relief sought materially differ between the two actions. That court, in rejecting this argument, stated at page 518:

> "These cases indicate that the applicability of the section in question is not dependent upon an identity of relief or legal theory. Instead, it depends upon whether the actions arise out of the same 'transaction or ocurrence.' The suits involved in the instant case arose out of a single transaction—a single loan. Consequently, it would seem that Section 48(1)(c) is applicable in the instant suit."

So, too, the suits involved in the instant case arose out of a single

transaction—a single contract. In fact, during oral argument plaintiff's counsel conceded that the instant tort suit arose out of the contract. A comparison of the Illinois complaint and the Louisiana answer and set-off further reinforces the conclusion that these actions were for the same cause. In both pleadings the following allegations are made: (1) the existence of the barge unloader contract; (2) there were defects in design and manufacture of the barge unloader; (3) there were breakdowns in the barge unloader; and (4) during these periods of breakdowns plaintiff was deprived of the use of the barge unloader. Also, during oral argument when plaintiff's counsel was questioned about the similarity in the amount of damages sought, the only difference he could allude to was the possibility that in the instant suit plaintiff might seek punitive damages. Of course, at the present time and on the record before us, no such prayer for punitive damages exists. We therefore hold that on the basis of the record before us, these suits are for the same cause.

Plaintiff avers that the court improperly denied its requested discovery. The court found that it had the power to order discovery in connection with a section 48(1)(c) motion, a finding which is not contested by the parties on appeal. The court further decided that in the instant situation the proposed discovery would be denied and alluded to the burdens on the parties, as well as the adequacy of the documents already before it, as reasons for its decision. Plaintiff's basic contention is that if a balancing test is used to decide a section 48(1)(c) motion, as plaintiff suggests the lower court used, then discovery is critical in order to provide the relevant information on which to make the balance.

Supreme Court Rule 201(c)(1) (Ill. Rev. Stat. 1969, ch. 110A, par. 201(c)(1)), confers on trial judges the power to deny, limit, condition or regulate the taking of discovery. In the exercise of this power it is well known that the court has a wide discretion to control discovery. *Anastos v. O'Brien*, 3 Ill.App.3d 1015, 279 N.E.2d 759.

■■ In holding that the court did not err in granting defendant's section 48(1)(c) motion, we did not invoke a balancing test nor do we feel such a test relevant to the motion. Rather, by comparing the respective complaint and answer or set-off, and reviewing the exhibits, memoranda and affidavits which were before the court, we feel that there was more than enough information for the court to have made an informed decision. Additionally, plaintiff in its discovery was asking defendant for the basis of its motion, and defendant had already supplied most of this matter in its own memoranda, affidavits and other docu-

ments submitted to the court. We, therefore, find no abuse of discretion in the denial of plaintiff's requested discovery.

Finally, plaintiff argues that if reversal is not in order, this court should reverse the dismissal of the complaint and remand with directions that the lower court enter a stay of proceedings until the Louisiana action has been completed. This alternative prayer for relief was first mentioned during oral argument and was not argued in plaintiff's main brief nor in its reply brief. Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7)), states in pertinent part:

"Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

(Accord, *Crane Construction Co. v. Symons Clamp & Manufacturing Co.*, 25 Ill.2d 521, 185 N.E.2d 139.) Therefore, we consider this point as being waived.

The judgment is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.