WHITE WAY SIGN & MAINTENANCE CO., Plaintiff-Appellant, *v.* MONTCLARE LANES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 61969

Opinion filed September 8, 1976.

Sheldon A. Harris, of Chicago, for appellant.

Robert W. Gettleman and David R. Hodgman, both of D'Ancona, Pflaum, Wyatt & Riskind, of Chicago, for appellee Exchange National Bank of Chicago.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

White Way Sign & Maintenance Co. (hereafter White Way Sign), the plaintiff, brought this action for damages for breach of contract against Montclare Lanes, Inc., and Exchange National Bank of Chicago (hereafter Exchange), individually and as trustee under Trust No. 24418. The trial court entered an order dismissing Exchange individually, as a party. This appeal raises the issue of whether the trial court erred in allowing the defendant's "unverified" amended motion to dismiss wherein the grounds for dismissal did not appear on the face of the pleading attacked and was unsupported by affidavit.

Plaintiff's verified second amended complaint alleged, in substance, that on December 28, 1965, Montclare, acting as agent for Exchange in Exchange's individual capacity and as trustee, contracted with White Way Sign for the furnishing of a double face vertical sign display to be attached to the premises at 2957 North Harlem Avenue in Chicago; that White Way Sign completed all that was required to be performed under the contract; that the work, materials, services and labor furnished by White Way Sign were delivered to and accepted by the defendants; but that the defendants refused to pay $13,601.02 due and owing White Way Sign.

Exchange filed an amended motion to dismiss in which it alleged that the only right, title or interest it had in or to the real estate referred to was that of trustee holding naked legal title under the terms of a trust agreement, and that under the terms of the trust agreement, Exchange neither possessed nor exercised any right, power, duty or authority to

manage, operate or control the real estate, either individually or as trustee, such right, power, duty or authority being vested solely in the beneficiary, Montclare Lanes, Inc. It was further alleged that the beneficiary of the trust agreement had no authority to contract for or in the name of the trustee or to bind the trustee personally. A certified copy of the trust agreement was attached to the motion.

A cause of action should not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to relief. (*Country Mutual Insurance Co. v. Drendel* (1969), 116 Ill. App. 2d 466, 470, 252 N.E.2d 757.) The record shows that Exchange was able to produce a certified copy of the land trust agreement which specifically stated that the beneficiary had no authority to contract on behalf of the trustee. In Illinois, a beneficiary of a land trust is not an agent of the trustee. (*Gallagher & Speck v. Chicago Title & Trust Co.* (1925), 238 Ill. App. 39.) Since the plaintiff did not challenge the authenticity of the land trust agreement which controverted the facts alleged in the second amended complaint, the trial judge was correct in granting the motion because no set of facts could be proved under the pleadings which would entitle the plaintiff to relief.

Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48), states that if the grounds do not appear on the face of the pleading, the motion must be supported by affidavit. The plaintiff contends that Exchange's motion should have been denied for failure to comply with this rule. We disagree, holding that the certified copy of the land trust agreement was sufficient to support the motion. The case at bar is easily distinguishable from *People ex rel. Highsmith v. County of Jefferson* (1967), 87 Ill. App. 2d 145, 230 N.E.2d 480, cited by the plaintiff, in which the defendants presented no affidavits or other proof denying the facts alleged so that the court could hear and determine the factual situation. Here, there was other proof, the certified document, which was sufficient to determine the legal issue and to support the motion. Plaintiff has shown no infirmity in the proceedings below which would require reversal.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and ADESKO, JJ., concur.