*In re* ANNEXATION TO VILLAGE OF DOWNERS GROVE.—(DOWNERS GROVE ESTATES FIRE PROTECTION DISTRICT, Petitioner-Appellee, *v.* THE VILLAGE OF DOWNERS GROVE, Respondent-Appellant.)

Second District   No. 79-630

Opinion filed July 30, 1980.

Kenneth Kubiesa, of Westmont, for appellant.

John L. Petersen, of Aurora, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order denying a motion to vacate a 1970 judgment. On June 1, 1970, the Village of Downers Grove (Village) annexed certain property (subject property) that was part of the Downers Grove Estates Fire Protection District (District). Under the authority of section 20 of the Fire Protection District Act (Ill. Rev. Stat. 1977, ch. 127½, par. 38.3), the subject property would have been automatically disconnected from the District unless within 60 days of annexation the District petitions for a hearing to determine whether the disconnection should occur. Such a petition was filed by the District, and notice was given by publication to all interested persons, specifically including the

officials of the Village on September 15, 1970; a hearing was held; no one representing the Village appeared. After the hearing on the petition, the trial court entered an order on November 17, 1970, granting the petition to prevent disconnection and specifically found: the petition to prevent disconnection was timely filed; proper legal notice was published; and the loss of assessed valuation would impair the ability of the District to render fully adequate fire protection service to the territory remaining in the District.

Approximately 8½ years later on December 27, 1978, the Village filed a motion to vacate that order and for leave to intervene and present a defense on the merits, arguing that the judgment was void ab initio as a result of failure to obtain jurisdiction over a necessary party, namely, the Village. A hearing was held on this motion on August 10, 1979. The Village's attorney and village clerk filed affidavits to the effect that no written notice of the 1970 proceedings could be found in their files and records. Also, a certificate of assessed valuation showing the 1978 value for the subject property and a tax rate levied by the District for that year was admitted into evidence. After hearing the arguments of counsel, the court denied the motion to vacate and the Village appeals.

The Village contends that the 1970 decree is void for failure to obtain jurisdiction over the Village as a necessary party. This position is based on the argument that the Village was entitled to receive actual written notice because it allegedly has a substantial interest in the subject property.

■■ Due process requires the joinder of all indispensable parties to an action, and thus an order entered without jurisdiction over a necessary party is void. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) In determining whether the Village was a necessary party and therefore entitled to written notice of the 1970 hearing, we must consider that at the time of the hearing on the District's petition and at the time the Village's motion to vacate was filed, section 20 of the Fire Protection District Act provided in relevant part:

> "Any territory within a fire protection district that is or has been annexed to a city, village, or incorporated town that provides fire protection for property within such city, village or incorporated town is, by operation of law, disconnected from the fire protection district * * * after such territory is annexed to the city, village or incorporated town * * *. Such disconnection by operation of law does not occur if, within 60 days after such annexation * * *, the fire protection district files with the appropriate court a petition alleging that such disconnection will cause the territory remaining in the district to be noncontiguous or that the loss of assessed valuation by reason of such disconnection will impair the ability of the district to render fully adequate fire protection service to the

territory remaining with the district. When such a petition is filed, the court shall set it for hearing, and further proceedings shall be held, as provided in Section 15 of this Act."

We note first, that because the District filed the required petition, the very terms of section 20 reveal that the disconnection never occurred. Therefore, this case does not involve any consideration of loss of tax base, revenue or territory from the Village, since the subject area was never a part of the Village for fire protection purposes; those arguments posed by the Village relating to loss of tax base, revenue or territory are therefore without merit. Similarly, the evidence submitted by the Village which showed the assessed valuation of the subject property and the tax rate imposed thereon by the District in 1978 fails to show either the Village's tax rate or that the addition of the assessed valuation to the Village would be substantial.

Next, we note that Public Act 81-869, effective January 1, 1980, amended section 20 so that the last sentence quoted above now reads:

"When such a petition is filed, the court shall set it for hearing, and further proceedings shall be held, as provided in Section 15 of this Act, except that the city, village, or incorporated town that annexed the territory shall be a necessary party to the proceedings, and it shall be served with summons in the matter for a party defendant under the Civil Practice Act."

■■ The Village contends that this amendment is an attempt by the legislature to clarify what had previously been implicit, namely, that the annexing municipality is a necessary party. We disagree. First, the statute had been enacted in 1965 and was unchanged for about 15 years, when the above amendment was made. We believe that if there were an ambiguity, the legislature would likely have clarified it before 15 years had passed. Second, we believe that the language used in the amendment which sets forth the procedure for the hearing shows that the legislature understood that the previous procedure "as provided in Section 15 of this Act" did not provide for the municipality to be a necessary party, since the same procedure under section 15 is now to be followed *except* that due to the amendment the municipality is now a necessary party. Where the legislature merely seeks to clarify an existing status, it would not have been used a word to distinguish the present status and requirement as to notice from the earlier one.

The Village also relies on the case of *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 280 N.E.2d 744, to support its position that it is a necessary party. That case also involved a petition to prevent disconnection by operation of law under section 20. The annexing municipality made a motion to dismiss the fire protection district's petition, which was granted. The district appealed, contending in part

that the annexing municipality lacked standing to file the motion to dismiss as it was neither joined as a party nor granted leave to intervene; also, that the municipality had no right to file the motion because section 20 contains no provision to allow a municipality to intervene as a party to such proceedings. The First District ruled that since no objection had been raised in the trial court, the issue could not be raised on appeal. The court went on to state in dicta that there was no statutory prohibition to intervention by the municipality; that intervention appeared to be proper through the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 26.1(1)(c)); and that the municipality had standing to become a party because of its substantial interest in determining whether the territory was or was not to be subject to its fire protection services. We believe that *Leyden* does not control the present cause, since the statements in that case involved the question of standing to intervene, which we view as distinct from the issues presented to us, and because, in any event, the statements are merely dicta.

■■ For the above reasons, we conclude that the Village was not a necessary party to this action, that it was not entitled to receive written notice of the 1970 proceedings, and that those proceedings were not void. Accordingly, there was no basis on which the Village could seek to vacate the 1970 judgment. The decision of the trial court is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.