JESSIE THORNTON, Plaintiff-Appellee, *v.* AUDDIE WILLIAMS, Defendant-Appellant.

First District (2nd Division)    No. 79-1552

Opinion filed August 19, 1980.—Supplemental opinion filed on denial of rehearing October 28, 1980.

Douglas & Brewer, of Chicago (Lloyd P. Douglas and Donald R. Brewer, of counsel), for appellant.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz and Robert Kominsky, of counsel), for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

This is an appeal from a judgment for property damage resulting from an automobile accident. The sole issue presented for review is whether the defense of res judicata may be waived by a defendant by his failure to affirmatively assert it in a timely fashion.

For reasons hereinafter set forth we affirm the judgment of the circuit court of Cook County.

On July 21, 1973, as a result of a collision between the automobile owned and operated by plaintiff and the automobile operated by defendant, plaintiff sustained personal injury and damage to his automobile. Plaintiff was insured under an automobile collision policy issued by the Inter-Insurance Exchange of the Chicago Motor Club, and pursuant thereto filed a claim for the damage to his automobile. Inter-Insurance Exchange paid plaintiff $1,100 on the claim.

On February 13, 1974, a nonverified complaint, entitled Jessie Thornton v. Auddie Williams (74 M1-12992), was filed in the circuit court of Cook County, Municipal Division, by attorneys Sneed & McCarthy on behalf of Inter-Insurance Exchange. The complaint, purportedly filed pursuant to the subrogation provisions of the automobile collision policy issue to plaintiff, sought to recover from defendant the monies paid to plaintiff by Inter-Insurance Exchange.[1] On June 3, 1974, a default judgment was entered against defendant in the amount of $1,803.16 plus costs.[2] Defendant's insurer, Kenilworth Insurance Company, compromised the judgment of $1,803.16 plus costs for the total sum of $1,000. This $1,000 was paid directly to Inter-Insurance Exchange.[3] Plaintiff had no knowledge of this action.

On September 13, 1974, plaintiff filed a complaint (74 L 14831) in the circuit court of Cook County, Law Division, to recover for personal injury and property damage resulting from the collision of July 21, 1973. On May 24, 1979, the second day of trial, defendant moved for a directed finding[4] on the property damage issue based upon the fact that there had already been a judgment for the damage to plaintiff's automobile and satisfaction thereof. This was the first time defendant brought to plaintiff's and the trial court's attention the existence of the other action (74 MI-12992). The trial court denied defendant's motion.

The uncontroverted testimony adduced at trial established the automobile's value to be $3,090. The jury returned a verdict in the amount of $2,000 (the difference between $3,090, the value of the automobile, and

---

[1] It should be noted that this complaint does not even allude to Inter-Insurance Exchange, nor to the claim upon which payment was made. The complaint only alleges facts concerning the collision. It appears that this complaint fails to comply with section 22(3) of the Civil Practices Act (Ill. Rev. Stat. 1973, ch. 110, par. 22(3)) which provides:

"(3) Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee; provided, the subrogee shall in his pleading on oath, or by his affidavit if pleading is not required, allege that he is the actual bona fide subrogee and set forth how and when he became subrogree."

[2] It should again be noted, however, that Inter-Insurance Exchange paid plaintiff only $1,100.

[3] The satisfaction of judgment was filed on November 21, 1975.

[4] Defendant also refers to this motion as a motion to dismiss.

$1,100, the amount plaintiff received from Inter-Insurance Exchange) for damage to plaintiff's automobile; and a verdict of $5,000 for personal injury. Judgment was entered upon these verdicts. Although the personal injury judgment has been satisfied, the property damage judgment remains unsatisfied. Defendant appeals only from the property damage judgment.[5]

Defendant contends that "under the doctrine of res judicata the [property damage] judgment should not have been entered because a judgment for the same property damage claim had been satisfied in a prior lawsuit which was brought by plaintiff's collision insurance carrier." On the second day of trial defendant moved to dismiss that portion of plaintiff's complaint pertaining to property damage.[6] Although the defendant's brief and record are silent, we assume that the basis for defendant's motion was subparagraph (d) of section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(d)), which provides for dismissal if the cause of action is barred by a prior judgment.

■■ Res judicata or estoppel by judgment is a bar which precludes the parties to an action from relitigating the same cause of action. Under the doctrine of res judicata, if a former suit was between the same parties and involved the same cause of action, the judgment in the former suit is conclusive not only as to all questions actually decided but as to all questions which might properly have been litigated and determined in that action. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450.) Res judicata is a rule of universal law pervading every well regulated system of jurisprudence and embodies two maxims of the common law: (1) public policy and necessity which makes it to the interest of the State that there should be an end to litigation; and (2) the hardship of the individual that he should be vexed twice for the same cause. Although it is recommended that the doctrine receive a liberal construction and should be applied without technical restrictions, it has also been recommended that the doctrine should not be applied so rigidly as to defeat the ends of justice. 50 C.J.S. *Judgments* §592 (1947).

■■ "In most states, both the insured and the insurer must claim any and all damages which they desire to recover in a single action brought against the particular tort-feasor, * * * ." (6A J. Appleman, Insurance Law & Practice §4100, at 341 (1972).) In order to avoid vexatious multiple suits against defendants there is a deeply ingrained bias in the law against the splitting of actions. However, it has also been recognized that the rule against splitting of actions is at odds with the modern insurance practice of subrogation of claims to insurance carriers. (See Ill. Rev. Stat. 1973,

---

[5] We note that on September 14, 1979, the trial court consolidated the two actions.

[6] Defendant also refers to this motion as a motion for directed judgment.

ch. 110, par. 22(3) and (4).) The case at bar is fairly typical of the standard practice in these matters, that is:

"An insured under an automobile collision policy who has collected for property damage under the policy ordinarily has no control over a subrogation action brought subsequently in his name by the insurer under the subrogation provision of the policy." Jenner and Tone, *Pleading, Parties and Trial Practice*, 50 Nw. U. L. Rev. 612 (1955).

Although our Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 1 *et seq.*) has recognized the potential for splitting of actions due to the subrogation of claims to insurance carriers and has attempted to provide that each party holding an interest shall have a right to his day in court, it has at the same time provided a defendant the means to protect himself from vexatious multiple litigation. This result is accomplished by section 48 of the Civil Practice Act, which provides in pertinent part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(c) That there is another cause of action pending between the same parties for the same cause.

(d) That the cause of action is barred by a prior judgment."

Even though in most States the insured and the insurer must claim any and all damages which they desire to recover in a single action brought against the particular tortfeasor, "if the defendant fails to raise the issue timely, a subsequent suit may be allowed." (6A J. Appleman, Insurance Law & Practice §4100, at 341 (1972).) If the defendant fails to make such a timely assertion, he waives the right to make such a claim and in effect acquiesces in the splitting.

In the case at bar a default judgment was entered on June 3, 1974, against defendant in the action for property damage filed by plaintiff's collision insurance carrier in plaintiff's name and without plaintiff's knowledge (74 M1-12992). The record reflects that defendant was personally served with process in the action filed by plaintiff's insurance company; and, in fact, defendant does not argue that he did not have knowledge of the action filed by plaintiff's insurance company. On September 13, 1974, plaintiff filed his action for personal injury and property damage (74 L 14831). Within the time allowed for pleading, defendant should have filed his motion to dismiss pursuant to section 48 of

the Civil Practice Act. Instead, defendant, for more than 3½ years, delayed advising both the court and plaintiff of the default judgment. ■■ Under the facts of this case, to accept defendant's position would be contrary to the logic and reality of insurance subrogation practices and would eviscerate section 48 of the Civil Practice Act. It is our opinion that equity and good conscience should not permit defendant to benefit from his silence: the doctrine of res judicata was intended to be used as a shield, not a sword.

In addition we note that because defendant did not defend in the first action, the hardship of defending multiple suits is not present.

Based on the foregoing we affirm the judgment of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Defendant has filed a petition seeking a rehearing, but we believe that our original decision reflects our consideration of all relevant matters. However, in an effort to argue that we have misapplied the law to the record in reaching our decision, defense counsel has made several statements which warrant our comment.

Defendant first states that we have ignored the fact that plaintiff "used the prior property damage judgment as the basis for his motion for a directed finding on the issue of defendant's liability." As we noted in our original opinion, plaintiff filed his complaint in the instant case for personal injury and property damage on September 13, 1974. Almost five years later, on May 24, 1979, the second day of trial, defendant moved for a directed finding[1] on the property damage issue based upon the fact that there had already been a judgment entered on June 3, 1974, for damage to the plaintiff's automobile and a satisfaction thereof filed on November 21, 1975. This was the first time defendant brought to the attention of plaintiff and the trial court the existence of the earlier action. Although almost five years had elapsed since the filing of the complaint in the instant case, defendant chose to remain silent until the second day of trial. Plaintiff, presumptively surprised, responded by likewise moving for a directed finding. The trial court denied both motions.

---

[1] Defendant also refers to this motion as a motion to dismiss.

The fact that plaintiff moved for a directed finding does not, in our opinion, alter the fact that defendant's motion was untimely. Defendant, however, argues that plaintiff has "waived for purposes of appeal" the argument that defendant's motion was untimely. In support of this argument defendant directs our attention to *Crowe v. Public Building Com.* (1977), 54 Ill. App. 3d 699, 370 N.E.2d 32, *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 280 N.E.2d 744, and *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 269 N.E.2d 340. In each of these cases the plaintiffs-appellants had failed to object at any time before the trial court to the form or substance of the motions to dismiss and were therefore barred from raising that issue for the first time on appeal as grounds for reversal. In the case at bar plaintiff is not the appellant and has not urged upon us any ground for reversal.

Moreover, it is well settled that the judgment of the court below will be affirmed if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial judge, or his specific findings, are correct or sound. (*Stigler v. City of Chicago* (1971) 48 Ill. 2d 20, 268 N.E.2d 26; *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 823, 327 N.E.2d 371.) We do not know which arguments were advanced by the parties in support of or in opposition to their respective motions, nor do we know upon which grounds the trial court relied in denying the motions. Defendant has not provided us with a transcript of the hearing on the motions, and the agreed-upon statement of facts reflects only that the motions were made and denied. The untimeliness of defendant's motion to dismiss appears of record, and it was upon that ground which we affirmed the judgment of the trial court.

The petition further alleges that this court has "overlooked" section 143b of the Illinois Insurance Code. (Ill. Rev. Stat. 1977, ch. 73, par. 755b.) We note that despite defendant's failure to make reference to this provision in either his appellant's brief or his reply brief, he now complains of our alleged oversight.

Defendant also contends that we have misapprehended the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 1 *et seq.*) because our interpretation of section 48 "ignores Paragraph 46(3) thereof which states '[a] pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs.'" We again note that defendant made no reference to section 46(3) in either his appellant's brief or in his reply brief. Moreover, defendant cites no authority for his contention that the standards which apply to section 46(3) are applicable also to section 48. Furthermore, defendant fails to suggest whose pleadings should be amended.

As further assignment of error defendant argues that:

"* '* * the court has misapprehended the rule with respect to the necessity of filing a motion pursuant to Section 48 in this court. It was not necessary for the defendant to plead the existence of the prior judgment. Both of the judgments in the instant case were entered in the circuit court of Cook County. It was therefore completely unnecessary for defendant to bring the fact of the prior judgment to the court's attention by means of a formal written motion of any kind. He did all that was required when he brouhgt [*sic*] the file on the property damage claim before the court. *Banks* [*sic*] *United Insurance Co. of America*, 1978, 28 Ill. App. 3d 60; 328 N.E.2d 167; *Whiting* [*sic*] *Sign Co. v. Montclare Lanes*, 42 Ill. App. 3d 199, 355 N.E.2d 632."

Contrary to defendant's assertions, in *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.*, defendant Montclare Lanes did in fact file a motion to dismiss. The appellate court held that although the motion to dismiss was unsupported by affidavit, the attached certified copy of the trust agreement was sufficient. *Banks v. United Insurance Company of America* pertains only to section 46 and makes no mention of section 48.

Defendant's other contentions are likewise without substantiation.

"The vigorous representation of a client can often tempt his attorney to hyperbole in order to make an argument more emphatic." (*People v. Camacho* (1979), 71 Ill. App. 3d 943, 957, 389 N.E.2d 1213.) In our opinion defense counsel has taken excessive liberties in commenting upon the integrity of this court. As the court stated in *Camacho*, at pages 957-58, defense counsel "has spread unsupported assignments of error across the public record in an overzealous effort to procure a rehearing. Such tactics serve neither defendants nor the interests of justice and cannot be condoned."

The petition for rehearing is denied.

DOWNING and HARTMAN, JJ., concur.