BANKERS LEASING ASSOCIATION, INC., Plaintiff-Appellant, v. JOHN PRANNO, Indiv. and d/b/a Brook Equipment Leasing, Defendant-Appellee.

First District (4th Division)   No. 1—96—3178

Opinion filed May 1, 1997.—Rehearing denied May 20, 1997.

Glenn Seiden & Associates, of Chicago, for appellant.

Edward S. Margolis, of Teller, Levit & Silvertrust, P.C., of Chicago, for appellee.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

The issue in this case is whether an arbitrator had the power to

clarify her award when the request for clarification came more than 20 days after the award was delivered to the applicant.

The relevant statute tells us an application for clarification of an award must be made within 20 days after its delivery. The trial court held the 20-day limit did not apply because the plaintiff was estopped from raising the jurisdiction issue. The case was sent back to the arbitrator for more clarification.

We do not find an estoppel here. Because the arbitrator was without jurisdiction to clarify her award, we reverse the trial court's order granting summary judgment to the defendant. We remand this cause with directions that summary judgment be granted to the plaintiff.

## FACTS

The plaintiff-appellant, Bankers Leasing Association, Inc. (Bankers), is a commercial equipment lessor. The defendant-appellee, John Pranno (Pranno), individually and doing business as Brook Equipment Leasing, is an equipment lease broker.

A dispute arose between Bankers and Pranno over an April 21, 1990, agreement. On January 14, 1993, they jointly submitted to binding arbitration this issue:

"Whether Bankers Leasing Association, Inc., (Bankers), a lessor of equipment, is entitled to deduct from residual commissions it owes to John Pranno, a Lease Broker, any losses incurred by Bankers on leases presented to it by John Pranno, pursuant to the terms of the Exclusive Brokers Agreement dated April 21, 1990."

Later, on April 22, 1993, Pranno, acting alone, submitted a request that the issue be amended to include this language:

"To resolve the dispute and honor the commitments between Bankers and Brook regarding Clause #7 of the contract between the parties dated April 21, 1990. Specifically, whether Bankers informed Brook of its intent to fund certain identifiable lease contracts on a recourse or in-house basis prior to credit approval. And that Bankers has incurred losses from these leases."

Bankers neither objected to nor joined the request.

On May 25, 1994, the arbitrator published her award of arbitration. The award provided:

"1. Bankers Leasing Association, Inc. (hereinafter 'Respondent') shall pay to John Pranno—Brook Equipment Leasing (hereinafter 'Claimant') the sum of FORTY FOUR THOUSAND FOUR HUNDRED AND TWENTY SIX DOLLARS AND THREE CENTS ($44,426.03).

2. Respondent is not entitled to set off any losses incurred in connection with the following leases: Braniff, Financial News Network, Solin & Breindel, Donohue & Scanlon, Epton[.] ***

* * *

5. This Award is in full settlement of all claims submitted to this arbitration."

The award also provided that Bankers would pay arbitration fees and costs.

Bankers submitted a check in the amount of the judgment on June 21, 1994, 27 days after the arbitrator entered her opinion. With the check, Bankers included a letter that said:

"Your acceptance of and endorsement on the enclosed check will serve as a general release of our liability and is in full settlement and satisfaction of all the claims submitted by either of us during the Arbitration."

The reverse side of the check contained the following language:

"In full settlement and satisfaction of any and all claims submitted during Arbitration. Case No. 51—145—00080—93 and the disputes related thereto and as further described in the June 21, 1994 letter."

On July 6, 1994, 42 days after the award was published, Pranno wrote the arbitrator asking:

"Ms. Paulsen: please have the Arbitrator clarify #5: Is the award in full settlement of all claims submitted which are past due or is the award in full settlement [of] all claims past due and to become due. Bankers has submitted payment but with a restrictive endorsement releasing them from any future monies yet to be due Brook per the Exclusive Brokers Agreements."

On July 7, 1994, Pranno's attorney sent a letter to the arbitrator. That letter said:

"The respondent on June 26, 1994, tendered the payment of the $44,426.03 plus the reimbursement to claimant for the fees set forth in the award and has tendered same as a full and complete payment for any and all monies due to the claimant and has taken the position that the claimant is not entitled to any other monies on residual values of leases that expired subsequent to February 1, 1994.

I am therefore requesting a clarification of paragraph 2 of the Award to the effect that the respondent is not entitled to off set any losses in connection with the leases set forth therein on future residual payments due the claimant."

Bankers objected to Pranno's request for clarification, arguing the arbitrator lacked jurisdiction to hear the request. Bankers claimed that Illinois law allowed Pranno only 20 days after the judgment to seek clarification of the award. It refused to respond to the substance of Pranno's request.

The arbitrator entered a disposition of application for

modification/clarification of award of arbitrator on August 19, 1994. This disposition stated:

"1. I am granting the request for clarification of paragraph 2 of the Award to the effect that the respondent is not entitled to off set any losses in connection with the leases set forth therein on future residual payments due the claimant.

Respondent is not entitled to off set any losses in connection with these leases on any future residual payments due the claimant.

2. In all respects my award dated May 25, 1994 remains in full force and effect."

On August 24, 1994, Pranno sent Bankers a letter that said, among other things:

"Per the disposition of application for Modification and Clarification dated 8/19/94, please forward a new check replacing check #530514 to Brook without any endorsement limitation."

Bankers did not replace the check. On September 6, 1994, Pranno cashed the check issued by Bankers on June 21, 1994.

Bankers filed its motion to vacate arbitration award on September 21, 1994. Bankers requested that the trial court vacate the modification of the original award because the arbitrator lacked jurisdiction.

Pranno counterclaimed. He argued that additional residual amounts had become due and owing from other leases. He sought $15,696.79. The leases he described in his counterclaim apparently were not the same leases named in the arbitrator's award.

Bankers filed affirmative defenses to the counterclaim. The affirmative defenses included, among other things, accord and satisfaction, the arbitrator's lack of jurisdiction to enter the disposition, and the trial court's lack of authority to grant the relief requested in the counterclaim.

In an affidavit attached to a reply to Bankers' motion to dismiss the counterclaim, Pranno admitted:

"[T]he Affiant's acceptance of the check was in full and total satisfaction of the Arbitrator's Award of May 25, 1994 as clarified in the Arbitrator's Award of August 19, 1994 and was not in satisfaction of any future residual commissions which were not submitted to arbitration."

Both parties moved for summary judgment. In its motion for summary judgment, Bankers argued that the arbitrator lacked authority to enter the clarification. In a reply brief to Pranno's motion, Bankers claimed that Pranno was not entitled to summary judgment because of the doctrines of *res judicata* and collateral estoppel and the presence of factual disputes.

The trial court partially granted Pranno's motion for summary

judgment and denied Bankers' motion for summary judgment. In its order, the trial court stated:

"1. That Plaintiff is estopped from asserting that the Arbitrator lost jurisdiction to clarify the original order because the letter attached to the check and the language on the back of the check that sought to absolve the Plaintiff from any further payments was given to the Defendant more than twenty days after the Arbitrator's decision was made.

2. That the cashing of Plaintiff's check was not an accord and satisfaction under the facts in this case.

3. That the claims sought in Defendant's counter-claim are within the jurisdiction of the arbitrator per the clarification.

It is Hereby Ordered, Adjudged and Decreed as follows:

1. That Defendant's motion is granted on the issue of whether the Arbitrator retained jurisdiction to clarify the order.

2. That Defendant's motion is granted as the cashing Plaintiff's check [sic] was not an accord and satisfaction. Thus, in light of the Arbitrator's clarification, there might be amounts still due and owing the Defendant.

3. That the Arbitrator has jurisdiction to adjudicate [the] amounts still due and owing and orders this case transferred back to the arbitrator for this sole determination."

Bankers appeals this decision.

DECISION

Because this was a summary judgment, this court's review of the trial court's order is *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).

1. Should the trial court have vacated the arbitrator's clarification of its original award?

Bankers argues that the arbitrator did not have the authority to clarify its original award. It claims that Pranno submitted his request for clarification after the 20 days allowed by statute.

■ Bankers moved to vacate the clarification under section 12 of the Uniform Arbitration Act (710 ILCS 5/12 (West 1992)):

"(a) Upon application of a party, the court shall vacate an award where:

\* \* \*

(3) The arbitrators exceeded their powers[.]

\* \* \*

(d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award."

■ Bankers claims that the arbitrator exceeded her powers by granting a clarification when she lacked jurisdiction. The ability of an arbitrator to clarify an opinion is described in section 9 (710 ILCS 5/9 (West 1992)):

> "On application of a party to the arbitrators or, if an application to the court is pending under Section[ ] 11, 12 or 13, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of Section 13, *or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant.*" (Emphasis added.)

In this case, Pranno never filed a motion to modify, change, or clarify the award. Instead, he sent the arbitrator two letters that requested clarification of the award. Pranno sent both letters more than 20 days after he received the award. The arbitrator granted the request for clarification.

Section 9 clearly puts a 20-day limit on a party's right to request clarification. The statute does not give the arbitrator the right to ignore this limit.

■ Apparently, the trial court recognized that requests for clarification must be filed within 20 days of the receipt of the award. It specifically found:

> "That Plaintiff is estopped from asserting that the Arbitrator lost jurisdiction to clarify the original order because the letter attached to the check and the language on the back of the check that sought to absolve the Plaintiff from any further payments was given to the Defendant more than twenty days after the Arbitrator's decision was made."

This court has defined equitable estoppel as:

> "the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in chancery, from asserting rights which might otherwise have existed as against another person who has, on good faith, relied upon such conduct and has been led thereby to change his position for the worse." *Northern Trust Co. v. Oxford Speaker Co.*, 109 Ill. App. 3d 433, 438-39, 440 N.E.2d 968 (1982).

■ Nothing in the record shows that Pranno relied on any conduct of Bankers' that would estop Bankers from asserting its rights. Bankers did nothing that would have kept Pranno from seeking clarification within the time limit. There is no requirement that Bankers pay Pranno the judgment within 20 days. Under Pranno's argument, if a losing party, after the 20-day limit, tendered a judgment payment that the prevailing party found unsatisfactory, the losing party would

be equitably estopped from claiming the arbitrator lacked jurisdiction over any subsequent request for clarification. We do not accept that argument.

Bankers was not equitably estopped from claiming that Pranno must adhere to the 20-day limit. Therefore, the arbitrator did not have the authority to clarify its original award.

Section 12(a)(3) states that "the court *shall* vacate an award where \*\*\* [t]he arbitrators exceeded their powers." (Emphasis added.) 710 ILCS 5/12(a)(3) (West 1992).

The trial court should have vacated the clarification.

2. Should the trial court have dismissed Pranno's counterclaim?

In response to Bankers' motion to vacate, Pranno filed a counterclaim seeking damages. Bankers argues that Pranno's counterclaim is barred because of *res judicata* or accord and satisfaction.

*Res judicata*

The issues presented to the arbitrator were broad. Including the addendum Pranno submitted, the arbitrator was asked to determine:

> "Whether Bankers Leasing Association, Inc., (Bankers), a lessor of equipment, is entitled to deduct from residual commissions it owes to John Pranno, a Lease Broker, *any losses incurred by Bankers* on leases presented to it by John Pranno, pursuant to the terms of the Exclusive Brokers Agreement dated April 21, 1990.
>
> To resolve the dispute and honor the commitments between Bankers and Brook regarding Clause #7 of the contract between the parties dated April 21, 1990. Specifically, whether Bankers informed Brook of its intent to fund certain identifiable lease contracts on a recourse or in-house basis prior to credit approval. And that Bankers has incurred losses from these leases." (Emphasis added.)

■ Arbitrators are presumed to have considered and fully determined all matters submitted to them. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 100, 593 N.E.2d 833 (1992). "Arbitration is in the nature of a judicial inquiry with its object to achieve a final and binding disposition of differences between parties, both present and prospective, with the force of an adjudication precluding the parties from relitigating the same subject. [Citation.] If the arbitration award is binding on the parties, any inquiry into the matters originally controverted is forever closed. [Citation.]" *Amalgamated Transit Union, Local No. 313 v. Rock Island County Metropolitan Mass Transit District*, 194 Ill. App. 3d 926, 932, 551 N.E.2d 650 (1990).

■ On the face of the record, the parties did not ask the arbitrator to resolve what was owed on specific leases. The issue presented did not specify whether it was to cover leases that were currently in dispute or future residual payments. The parties specifically requested that the arbitrator decide whether Bankers was entitled to deduct "any losses" it incurred on the leases. The request was not limited to past losses.

In its counterclaim, Pranno contended it is entitled to residual payments that became due after the award was entered. The issue before the arbitrator covered which residual payments Bankers owed Pranno. The arbitrator awarded Pranno those residual payments it found were due. We find that Pranno's counterclaim is barred because the issues it presents were the same as those put before the arbitrator and finally resolved.

*Accord and satisfaction*

When Bankers sent its check to Pranno, it included a letter which read:

"Your acceptance of and endorsement on the enclosed check will serve as a general release of our liability and is in full settlement and satisfaction of all the claims submitted by either of us during the Arbitration."

The reverse side of the check contained the following language:

"In full settlement and satisfaction of any and all claims submitted during Arbitration Case No. 51—145—00080—93 and the disputes related thereto and as further described in the June 21, 1994 letter."

■ Pranno did not agree that this amount fully satisfied the award. Pranno did not seek to enforce the award as he understood it. He did not return the check. Instead, he cashed the check.

Under Illinois law:

"(a) *** [I]f a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument[, the following subsections apply].

(b) *** [T]he claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." 810 ILCS 5/3—311(a), (b) (West 1992).

*Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067, 1072, 651 N.E.2d 601 (1995).

We find that Bankers' check satisfied these criteria.

Bankers tendered a check which stated that it was in full satisfaction of the claim.

The amount Bankers owed Pranno was in dispute. Bankers believed it owed only the amount stated in the judgment. Pranno believed that Bankers owed it additional future residual payments. That is a dispute.

Pranno argues that there cannot be accord and satisfaction here because Bankers did not give him any additional consideration beyond what it was required to pay by law. *Central Illinois Public Service Co. v. Allianz Underwriters Insurance Co.*, 244 Ill. App. 3d 709, 614 N.E.2d 34 (1993). When Pranno cashed the check, however, he knew there was a dispute. He knew the parties did not agree on what amount Bankers owed him as a result of the arbitration award.

■ Bankers met the third criterion of part (a) when Pranno cashed the check. Pranno may have tried to hedge what he was agreeing to by stating in an affidavit that the check satisfied only part of the dispute, but "If there is a *bona fide* dispute as to the amount due, it makes no difference that the creditor protests that he does not accept the amount in full satisfaction. The creditor must either accept the payment with the condition or refuse." *Nelson v. Fire Insurance Exchange*, 156 Ill. App. 3d 1017, 1020, 510 N.E.2d 137 (1987).

Both the check and letter Bankers sent Pranno clearly indicated that, by cashing the check, Pranno agreed that all claims between Bankers and Pranno would be satisfied. If Pranno did not agree to these terms, he should not have cashed the check.

3. Did the trial court have the power to remand the award back to the arbitrator?

■ The trial court found that "the Arbitrator has jurisdiction to adjudicate [the] amounts still due and owing and orders this case transferred back to the arbitrator for this sole determination."

The trial court should not have ordered the remand, since the arbitrator no longer had jurisdiction to resolve the dispute.

Bankers' suit was based on the *motion to vacate* provisions set out in section 13. The only award Bankers asked to vacate was the clarification. While section 13 allows the trial court to remand cases to the arbitrators for a rehearing, there would be no point in holding a hearing on the clarification. The arbitrator has no authority to grant it. At that point, the case had ended, the dispute resolved.

## CONCLUSION

We reverse the trial court's summary judgment order in favor of

the defendant that transferred the cause to the arbitrator for adjudication of amounts still due. We remand the cause with directions to enter summary judgment for the plaintiff and to vacate the arbitrator's clarification of August 19, 1994.

Reversed and remanded with directions.

McNAMARA and BURKE, JJ., concur.