FEDERAL SIGNAL CORPORATION, Plaintiff-Appellee, v. SLC TECHNO-LOGIES, INC., Defendant-Appellant.

First District (6th Division)    No. 1—00—2850

Opinion filed January 19, 2001.

Latham & Watkins, of Chicago (Matthew W. Walch and Amy J. Kappeler, of counsel), for appellant.

Much Shelist Freed Denenberg Ament & Rubenstein, P.C., of Chicago (Anthony Valiulis and Marlaine J. McVisk, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

On August 9, 1995, plaintiff, Federal Signal Corporation (Federal Signal), and defendant, SLC Technologies, Inc. (SLC), entered into a distributor agreement (the Agreement). The Agreement contains a broad arbitration clause which states, in pertinent part, as follows: "Any dispute arising out of or relating to this Agreement or its breach shall be settled by arbitration under and in accordance with the rules of the American Arbitration Association." The Agreement also contains the following provision: "If any litigation or arbitration is commenced by either party to enforce or interpret any of the provisions of this Agreement, the prevailing party shall be entitled to cover [*sic*] reasonable costs and attorneys' fees at trial, on appeal, and on any petition for review."

When a dispute arose between the parties regarding Federal Signal's alleged breach of the Agreement, SLC submitted a demand for arbitration with the American Arbitration Association, pursuant to the terms of the Agreement. The arbitrator presided over a full evidentiary hearing on November 16, 1999.

On February 2, 2000, the arbitrator issued his award, which stated

it was "in full settlement of all claims submitted to this arbitration." SLC was awarded the sum of $230,750.37 plus interest. The award further provided that $1,750 for administrative fees and expenses was to be paid by Federal Signal to SLC. The award also provided that Federal Signal shall pay to SLC all reasonable attorney fees incurred by SLC on the resolution of this matter beginning on January 17, 1999, until the award entered shall have been paid. The award did not include the amount of attorney fees or expressly reserve jurisdiction to determine the amount.

On February 8, 2000, counsel for SLC wrote a letter to counsel for Federal Signal, noting that it was enclosing "a print-out of its fees and costs for this matter in order to permit your client to satisfy the Arbitrator's award."[1] Enclosed was a print-out for attorney fees from January 20, 1999, through January 11, 2000, in the amount of $105,636.30.

On or about February 9, 2000, Federal Signal paid SLC $230,750.37 (plus interest) to cover the damage portion of the award. On February 23, 2000, Federal Signal filed a complaint to vacate the arbitrator's

---

[1]The cover letter further indicates that the print-out was being sent in response to a request by counsel for Federal Signal. If it is true, however, that during the 20-day period for seeking clarification of the award by the arbitrator, counsel for Federal Signal did indeed request a copy of the attorney fees and indicated that the request was to enable Federal Signal to satisfy the arbitrator's award, then surely the issue of equitable estoppel arises. Federal Signal's consistent position has been that the fact that the award of reasonable attorney fees did not include a dollar figure was a mistake that needed clarification, that it was incumbent on SLC to seek the clarification, that SLC failed to seek the clarification and the award apparently now must be vacated or "modified" by "deleting" the portion of the award that granted SLC its reasonable attorney fees. A request for a print-out of fees is inconsistent with a position that the arbitrator's award of reasonable attorney fees fails for incompleteness and cannot be enforced. The effect of equitable estoppel on the 20-day time limit was discussed by the court in *Bankers Leasing Ass'n v. Pranno*, 288 Ill. App. 3d 255, 681 N.E.2d 28 (1997), which was the very case cited by Federal Signal in support of its contention that an arbitrator cannot clarify his award after 20 days, as well as its additional assertion that the court has no jurisdiction to correct the award. Thus, even were Federal Signal's case to go forward in the trial court, the issue of equitable estoppel could be raised by SLC and would have to be considered by the trial court. The issue, however, is moot since (1) by our decision we are staying the circuit court proceedings and (2) we have distinguished a request for clarification of an award made by a party directly to an arbitrator after the expiration of the 20-day time limit from a remand to an arbitrator by a court.

award and later, on March 23, 2000, filed an amended complaint to vacate or modify the arbitrator's award.

On April 28, 2000, SLC filed a motion to dismiss, a motion to compel arbitration and a motion to stay proceedings. On or about May 11, 2000, Federal Signal paid $1,750, which was the remaining portion of the award that covered its share of the American Arbitration Association's administrative fees.

On July 13, 2000, the circuit court heard oral argument on SLC's motions and, on the same date, entered an order denying both the motion to dismiss and the motion to compel. On July 31, 2000, SLC filed a motion for clarification to ascertain whether it should further defend the action in the circuit court or exercise its right to appellate review. In particular, SLC sought clarification of the following:

"What is the basis for the court's denial of SLC'S motion to compel arbitration and stay proceedings?

Did the Court determine that the arbitration award is subject to modification or vacation pursuant to 710 ILCS 5/12 or 710 ILCS 5/13?

If the court determined that the arbitration award was subject to modification or vacation, how has the court substantively modified or vacated the award?

If the Court has modified or vacated the arbitration award, what is the legal basis for that modification or vacation?"

The record before us contains no court orders subsequent to that of July 13, 1999. Thus, the motion for clarification apparently remains pending before the circuit court. On August 14, 2000, SLC filed this interlocutory appeal within the 30-day limit.

■ The denial of a motion to compel arbitration is analogous to a denial of injunctive relief and is appealable under Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)). *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 456 N.E.2d 93 (1983). Generally, the standard of review of an order granting or denying a motion to compel arbitration is whether the trial court abused its discretion. *Brooks v. Cigna Property & Casualty Cos.*, 299 Ill. App. 3d 68, 71, 700 N.E.2d 1052, 1054 (1998). In the instant case, however, no evidentiary hearing was had or needed, since the facts were not in dispute. Our review of the record, including the transcript of the combined hearing on SLC's motion to dismiss and motion to compel arbitration, confirms that the decision denying SLC's motion to compel arbitration was made without making any findings as to any factual issues. The trial court's decision to deny SLC's motion to compel was made in conjunction with its decision to deny SLC's motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1998). Accordingly, the trial

court's finding that the grievance at issue was not arbitrable was made as a matter of law and is reviewable *de novo*. *Amalgamated Transit Union, Local 900 v. Suburban Bus Division of the Regional Transportation Authority*, 262 Ill. App. 3d 334, 337, 634 N.E.2d 469, 472 (1994); see also *In re Lawrence M.*, 172 Ill. 2d 523, 526, 670 N.E.2d 710, 712-13 (1996) (Although the scope of review in an interlocutory appeal "is normally limited to an examination of whether or not the trial court abused its discretion in granting or refusing the requested interlocutory relief," "where the question presented is one of law, a reviewing court determines it independently of the trial court's judgment"). Although *Amalgamated Transit Union* involved the review of an order granting a motion to compel arbitration and the present case involves the review of an order denying a motion to compel arbitration, we believe this is a distinction without a difference. But see *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 285 Ill. App. 3d 796, 800-01, 674 N.E.2d 902, 904 (1996). Nevertheless, even were we to accord the more deferential review required by an abuse of discretion standard of review, the result would be the same. We conclude that the trial court abused its discretion in denying SLC's motion to compel arbitration.

We recognize in this interlocutory appeal that the portion of the order denying SLC's motion to dismiss is not before us. The sole issue before a court in an interlocutory appeal such as this is "whether there was a showing sufficient to sustain the order of the trial court denying the motion to compel arbitration." See, *e.g.*, *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 285 Ill. App. 3d 796, 799, 674 N.E.2d 902, 904 (1996). Nonetheless, as we have noted, both the motion to dismiss and the motion to compel were argued and decided during one combined hearing. As the transcript shows, the trial court stated that its order denying the motion to compel was based entirely upon its analysis and decision to deny SLC's motion to dismiss Federal Signal's complaint pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1998). Thus, we must consider whether the reasoning there supports a determination that SLC failed to make a showing sufficient to compel arbitration.

██ █ Federal Signal's amended complaint to vacate or modify the arbitrator's award was brought pursuant to sections 12 and 13 of the Uniform Arbitration Act (the Act) (710 ILCS 5/12, 13 (West 1998)). Section 12 provides as follows:

"§ 12. Vacating an award. (a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a

neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by the circuit court is not ground for vacating or refusing to confirm the award.

(b) An application under this Section shall be made within 90 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.

(c) In vacating the award on grounds other than stated in clause (5) of subsection (a) the court may order a rehearing before new arbitrators chosen as provided in Section 3, or if the award is vacated on grounds set forth in clauses (3) and (4) of subsection (a) the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with Section 3. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

(e) Nothing in this Section or any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is a part of or pursuant to a collective bargaining agreement; and the grounds for vacating, modifying, or correcting such an award shall be those which existed prior to the enactment of this Act." 710 ILCS 5/12 (West 1998).

Section 13 provides as follows:

"§ 13. Modification or correction of awards. (a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award *so as to effect its intent* and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

(c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award." (Emphasis added.) 710 ILCS 5/13 (West 1998).

Federal Signal's complaint did not contain allegations of any of the statutory bases listed under theses sections for vacating or modifying a complaint. This inadequacy of the complaint was the very basis of SLC's motion to dismiss and was argued by counsel for SLC during the hearing when she stated as follows: "Plaintiffs have failed to state a cause of action. They have not alleged one of the statutory bases for vacating an award or modifying an award and therefore the complaint must be dismissed."

■ The trial court never addressed this threshold argument. At this point, instead, counsel for Federal Signal interjected as follows: "Your Honor, the procedural posture of a case as a motion to dismiss isn't controlling. It's the substance of the law." After this statement, our review of the transcript indicates a somewhat desultory colloquy followed, during which the court stated: "I think the most equitable thing, in all frankness, is to go back to the arbitrator and have the arbitrator determine what reasonable fees are. But that isn't before me. I can't transcend and go beyond what I'm asked to do." The court also stated that the matter was not before it for the purpose of sending it back to arbitration, that what was before it was SLC's motion to dismiss, and that the very basis for denying the motion to dismiss "means that in my mind I've come to the conclusion that the arbitration has been completed, it's done. When [the arbitrator] did everything he was done, now it's up to you." Ultimately, the motion to compel arbitration was denied when the court determined it would not send the parties back to the arbitrator because, as the trial court concluded: "He's done." The trial court's denial of the motion to compel arbitration was based entirely upon its conclusions, inaccurate as a matter of law, that (1) Federal Signal's amended complaint adequately stated a cause of action to vacate or modify the arbitrator's award and (2) as stated by the court, "[i]nasmuch as I've denied your motion to dismiss, I can't stay the proceeding." Thus, although the

portion of the order denying plaintiff's motion to dismiss is not before us, the court's reasoning is before us since it was the basis for both the denial of the motion to dismiss and the denial of the motion to compel.

The distinction between section 12, the statutory provision for vacating an award, and section 13, the statutory provision for modifying an award, was not addressed. Our review of the entire transcript of the proceeding reveals that the trial court instead based its decision to deny the motion to dismiss and, in turn, the motion to compel arbitration, on a conclusory allegation in the complaint, incorrect as a matter of law, that the arbitrator's award fails for incompleteness and that the failed award was final. In so doing, the court did not consider the language of the Act. As a result, and as indicated by the concerns raised in SLC's motion for clarification, the trial court inadequately addressed the issue of whether Federal Signal stated a cause of action for vacation or modification of the arbitrator's award.

Furthermore, the transcript contains statements by the trial court indicating that it was not only denying SLC's motion to dismiss in its entirety, but also determining the merits of Federal Signal's complaint and granting the requested relief. During the discussion related to the issue of whether Federal Signal stated a cause of action for vacating *or* modifying the arbitrator's award, the court unequivocally indicated that it would not grant the requested relief of vacating the entire award, which is a decision that goes to the merits of the complaint, rather than to the issue of whether the complaint adequately stated a cause of action. In so doing, the court again did not consider the language of the Act, particularly those provisions of both section 12 and section 13 which refer to the relief that a court may properly grant if it determines an award must be either vacated or modified. More troublesome, however, is the fact that despite its statement that it would not vacate the entire award, the court nonetheless denied SLC's motion to dismiss in its entirety, impliedly concluding that Federal Signal stated a cause of action for vacating the entire award.

We further note that Federal Signal characterized its requested relief for an order "deleting that portion relating to attorney fees" as a "modification" and not a "vacation." This distinction was not addressed below, although it is critical to a proper determination of what authority a court has in terms of granting relief. It would appear that the entire deletion of a separate portion of the award that properly, albeit incompletely, granted reasonable attorney fees to the prevailing party would amount to a vacation, not a modification. Assuming that the proper characterization of "deleting that portion [of the award] relating to attorneys' fees" is a vacation of an award, section 12(c) al-

lows a court to order a rehearing before new arbitrators or those who made the award, although the court must first determine upon which statutory grounds it is vacating the award. Even if Federal Signal's characterization of totally deleting a portion of an award as a "modification" is correct, the trial court did not address the concern raised by SLC that the requested relief was clearly contrary to the statutory requirement of section 13(b) of the Act, which mandates that if an application for modification or correction of an award "is granted, the court shall modify and correct the award *so as to effect its intent* and shall confirm the award as so modified and corrected." (Emphasis added.) 710 ILCS 5/13(b) (West 1998).

The court stated that its "[entry] of an order here denying [SLC's] motion to dismiss is almost tantamount to summary judgment [in favor of Federal Signal]." As this statement indicates, and our review of the entire transcript further shows, what transpired during the hearing in the trial court was more akin to a judgment on the pleadings in favor of Federal Signal, even though the complaint failed to adequately state a cause of action. The facts here are undisputed and, even assuming Federal Signal could state a cause of action under either section 12 or 13 of the Act, pursuant to the mandates of the Act, in no event would it be proper to entirely delete the award of reasonable attorney fees. Instead, the only proper ultimate resolution of Federal Signal's action for a vacation of the award would be a remand to the original arbitrator. Similarly, the only proper ultimate resolution of Federal Signal's action for a modification of the award would be to effect the intent of the original arbitrator. As a matter of law, we conclude that plaintiff made a sufficient showing for compelling arbitration of the current dispute regarding the amount of reasonable attorney fees. In the interests of judicial economy and fairness, the award must be remanded to the original arbitrator.

Our review of the transcript shows that, in denying SLC's motion to compel arbitration and motion to stay proceedings, the trial court essentially concluded that "the arbitration was completed," the award of reasonable attorney fees was unenforceable because it was incomplete, SLC had the burden of clarifying the award within 20 days, SLC failed to do so, and it was now too late to do so since the court believed it could not send the case back to the arbitrator. Although neither term was used during the proceedings below, the bases for the trial court's decision denying SLC's motion to compel arbitration were the doctrine of *res judicata* and the doctrine of *functus officio*. Neither doctrine, however, prevents the court from granting SLC's motion to compel and, instead, the clear language of the Act necessitates remand to arbitration.

Under the common law doctrine of *functus officio*, once an arbitrator rendered a final award, his authority was exhausted and he was barred from revisiting the merits of the award. See, *e.g.*, *Barousse v. Paper, Allied Industrial*, No. 99—2600 (E.D. La., September 6, 2000). As noted earlier, Federal Signal's complaint contained no allegations of any of the statutory bases applicable to a petition to vacate or modify an arbitrator's award as set forth by section 12 (710 ILCS 5/12 (West 1998)) and section 13 (710 ILCS 5/13(West 1998)) of the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1998)). Rather, the complaint merely contains an allegation that "the award fails for incompleteness" with a citation to an 1826 United States Supreme Court case. Thus, although not characterized as such, Federal Signal's entire complaint was premised upon the common law doctrine of *functus officio*. As the *Barousse* court pointed out, however, recognized exceptions to the doctrine are that the arbitrator can correct a mistake which is apparent on the face of the award, complete an arbitration that is not complete, and clarify an ambiguity in the award. *Barousse v. Paper, Allied Industrial*, No. 99—2600 (E.D. La., September 6, 2000). Explaining that, in such cases, federal courts often remand the award to the arbitrator, the *Barousse* court remanded the case to the original arbitrator, who was already familiar with the details of the case. Thus, where an award does not address a contingency that arises after the award is rendered, federal courts usually remand to the original arbitrator for clarification. See, *e.g.*, *Glass, Molders, Pottery, Plastics & Allied Workers International Union v. Excelsior Foundry Co.*, 56 F.3d 844, 847 (7th Cir. 1995).

Although these federal cases were not decided under the Act, which controls the disposition of the instant case, the principles are consistent with the Act and are also applicable here. As this court long ago explained:

"Given the common origins of the Federal and uniform statutes, courts interpreting State arbitration statutes patterned after the Uniform Arbitration Act look for guidance to Federal court decisions interpreting similar provision[s] of the Federal Arbitration Act. ([Citations]; see also *Northern Illinois Gas Co. v. Airco Industrial Gases*, (7th Cir. 1982), 676 F.2d 270 (recognizing that Federal and Illinois authorities are in accord in the law of arbitration).) Similarly, the Illinois Supreme Court has stated that judicial opinions from other jurisdictions are given greater than usual deference in construing the Uniform Arbitration Act since the purpose of the act is to make uniform the laws of those States which enact it. [Citation.] Because of the common origin of the Federal and uniform acts, and the fact that the Illinois Uniform Arbitration Act

is patterned after the Uniform Arbitration Act, we proceed to interpret our statute with the aid of decisions from other States and Federal courts." *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 668, 456 N.E.2d 889, 893 (1983).

Five years later, this court addressed the doctrine of *functus officio* in *Board of Education of City of Chicago v. Illinois Educational Labor Relations Board*, 170 Ill. App. 3d 490, 524 N.E.2d 711 (1988). As the court explained:

"Historically, the role of the arbitrator ended with rendition of the award, and, at least at common law, the arbitrator could neither amend nor correct it thereafter. This absence of authority was based on the doctrine of *functus officio*: '[H]aving rendered the award the arbitrator's task ha[d] been fulfilled.' [Citation.]

Case law and statutes have gradually eroded this doctrine. For example, section 9 of the Uniform Arbitration Act provides that 'arbitrators may modify or correct the award upon the grounds stated in [this Act] or for the purpose of clarifying the award.' [Citation.]" *Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board*, 170 Ill. App. 3d 490, 497, 524 N.E.2d 711, 715 (1988).

■ In the present case, section 9 of the Act (710 ILCS 5/9 (West 1998)) further authorizes the court to send the parties back to arbitration. Alluding to section 9 of the Act in its brief, Federal Signal contends that the arbitrator lacked authority to clarify its original award after the 20-day statutory period for clarification had expired. Section 9 of the Act provides as follows:

"§ 9. Change of award by arbitrators. On application of a party to the arbitrators *or, if an application to the court is pending under Sections 11, 12 or 13, on submission to the arbitrators by the court under such conditions as the court may order*, the arbitrators may modify or correct the award upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of Section 13, or for the purpose of clarifying the award. The application shall be made within 20 days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within 10 days from the notice. The award so modified or corrected is subject to the provisions of Sections 11, 12 and 13." 710 ILCS 5/9 (West 1998).

■ Federal Signal asserts that because SLC failed to take any action within either the 20-day time period allowed for a direct application to the arbitrator or within the 90-day period provided under the Act for application to the court, neither the arbitrator nor a court has jurisdiction to correct the award now. The trial court apparently

agreed. We conclude, however, that Federal Signal has misinterpreted that provision with respect to the court's authority to remand an award to the arbitrator. As the transcript of the proceedings below indicates, the trial court also believed the arbitration was complete and it could not send the issue of the amount of attorney fees back to either the original arbitrator or a new arbitrator. This conclusion confuses the authority of the *arbitrator* with the authority of the *court*. The 20-day limit refers to the "application of a *party to the arbitrators*." (Emphasis added.) 710 ILCS 5/9 (West 1998). It is not a prohibition upon the court's authority to submit the issue to the arbitrator, where, as here, a party files an application to confirm, vacate or modify the arbitrator's award. The statute clearly allows the court to submit the award to the arbitrators under such conditions as the court may order where, *as here*, an application to the court is pending under section 11, 12 or 13.[2] The plain language of the statute clearly provides that, under such circumstances, the legislature clearly provided for a *court's* "submission to the arbitrators." The time limitation for filing an application to the court, under sections 12 and 13, is not the same as, nor coexistent with, the 20-day limit under section 9 but, rather, is 90 days. Thus, Federal Signal's conclusory allegation, premised upon the doctrine of *functus officio*, that the award fails for incompleteness is incorrect as a matter of law, since the Act specifically gives the court the power to remand an award for clarification.

Federal Signal's reliance on *Bankers Leasing Ass'n v. Pranno*, 288 Ill. App. 3d 255, 681 N.E.2d 28 (1997), in support of its contention that neither the arbitrator nor a court has jurisdiction to correct the award now is also misplaced. The award that was at issue in *Banker's Leasing* was the clarification of the original award, not the original award. Thus, since the court had already essentially determined that the clarification was void *ab initio*, a remand for rehearing on the clarification was not allowable. Here, by contrast, it is the original award that Federal Signal sought to vacate or modify. Federal Signal does not dispute that the arbitrator had authority to grant reasonable attorney fees. Moreover, unlike the clarification award entered by the arbitrator in *Bankers Leasing*, the arbitrator here had jurisdiction at the time he properly awarded reasonable attorney fees to SLC as the

---

[2]That it was Federal Signal which filed the motion for modification is of no import. The statute does not require a court to automatically grant whatever relief is requested by the party seeking modification or vacation. If the court determined that the award was in need of modification, the court would be required to modify the award so as to effect the intent of the arbitrator as the statute requires, irrespective of which party brought the application.

prevailing party in the underlying arbitration. A court must construe an arbitration award, whenever possible, so as to uphold its validity. *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 386, 574 N.E.2d 636, 641 (1991). Although arguably incomplete, nothing in the Act requires or allows a court to equate an incomplete award with a void, or even voidable, award. Rather, even where a court determines that an award is unenforceable and in need of modification, the Act requires that "the court shall modify and correct the award so as to effect its intent." 710 ILCS 5/13(b) (West 1998).

Thus, the trial court's conclusion that it could not submit the case to the arbitrator, in view of its denial of SLC's motion to dismiss, and its conclusion that SLC must file an answer instead, was incorrect as a matter of law. Since the basis of the court's denial of SLC's motion to compel arbitration was premised upon an incorrect analysis of Federal Signal's motion to vacate the award and an incorrect analysis of Federal Signal's motion to modify the award, particularly with respect to the relief requested, the denial was an abuse of discretion. SLC made a showing sufficient to compel arbitration.

We recognize, however, that SLC did not base its motion to compel arbitration on the above analysis. SLC instead took the position, and persisted in its stance, that the arbitration award granting it reasonable attorney fees as the prevailing party, and as provided for by the Agreement, was not incomplete or in need of clarification or modification. SLC instead contended that the dispute regarding the *amount* of attorney fees was a new dispute and a separate issue from the issue of whether it was entitled to the fees in the first instance. In denying SLC's motion to compel arbitration, the court apparently rejected SLC's sole contention that the dispute as to the amount of reasonable attorney fees owed by Federal Signal was a new dispute which did not exist at the time the demand for arbitration was filed. Thus, the court implicitly concluded that the arbitrability of the amount of attorney fees was barred by the doctrine of *res judicata*. On appeal, Federal Signal now also relies on this theory.

We note that neither party disputes the finality of the award. The universal rule is that the doctrine of *res judicata* only applies if the judgment in question was a final judgment on the merits. See, *e.g.*, *American National Bank & Trust Co. v. Steiner*, 235 Ill. App. 3d 1101, 1107, 603 N.E.2d 8, 12 (1991). With respect to the doctrine of *functus officio*, too, there have been instances where courts have determined that an incomplete award is not final. See, *e.g.*, *Industrial Mutual Ass'n v. Amalgamated*, 725 F.2d 406, 412 n.3 (6th Cir. 1984) (noting that, because an award was indefinite, it was not final and further explaining that the doctrine of *functus officio* is not violated where arbitrator clarifies an award that was never terminated).

Regarding attorney fees, civil cases have held that where a trial court had ruled previously that a party was entitled to attorney fees, even though the order (1) did not set forth the amount or (2) expressly reserve jurisdiction to determine the amount, the order finding liability was given the effect of reserving jurisdiction to determine the amount of that liability. See, *e.g.*, *Home State Bank/National Ass'n v. Potokar*, 249 Ill. App. 3d 127, 136-37, 617 N.E.2d 1302, 1308 (1993) (where court determined that because the trial court awarded attorney fees and costs in its order but failed to specify their amount, the order did not constitute a final judgment as to all claims in the case and was thus subject to modification prior to the entry of a final judgment); *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 992-93, 640 N.E.2d 1313, 1323 (1994). Thus, at least in some civil cases, where the trial court awarded fees in an unspecified amount, the amount of the allowance was considered a matter properly before the court that remained unresolved. Nevertheless, here, because neither party has disputed the finality of the award granting reasonable attorney fees without specifying an amount, we will not further analyze the issue of whether the arbitrator's decision was final.

Since Federal Signal's primary argument on appeal is that the issue of the amount of attorney fees is barred by the doctrine of *res judicata*, it devotes a substantial portion of its brief to its argument that the arbitration award is final. Thus, Federal Signal's argument is that the award, despite being incomplete, is final. Federal Signal maintains instead that the incompleteness of the award goes to its validity. This court has noted, however, that an arbitration award is valid even though it does not award a specific sum and the actual amount of damages remains to be computed. *Mid-America Regional Bargaining Ass'n v. Modern Builders Industrial Concrete Co.*, 101 Ill. App. 3d 83, 87, 427 N.E.2d 1011, 1014 (1981).[3]

■ The right to bring an arbitration action is limited by the effect of the doctrine of *res judicata*, so that an arbitration action is barred if

---

[3]Federal Signal contends that this principle is inapplicable where the issue as to the amount of reasonable attorney fees is more than ministerial but, rather, instead includes fact-finding. Federal Signal equates the arbitrator's consideration of whether a fee amount is reasonable with a reconsideration of the merits of the issue of whether the prevailing party is entitled to attorney fees in the first instance. We agree with the contention that the arbitrator cannot reconsider the merits of his decision granting reasonable attorney fees to SLC. Any fact-finding as to what amounts are reasonable is not a reconsideration of the merits of the decision awarding fees. We agree with SLC that the *amount* of the fees is separate from the issue of the entitlement to the fees in the first instance.

it involves an issue previously reached. *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 107, 722 N.E.2d 723, 727 (1999). In addition to those claims fully litigated in the first proceeding, *res judicata* applies also to those issues that could have been raised or decided, but were not. *La Salle National Bank v. County Board of School Trustees*, 61 Ill. 2d 524, 337 N.E.2d 19 (1975); *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 312 Ill. App. 3d 1070, 1080, 728 N.E.2d 656, 664 (2000). The issue of whether a subsequent claim is barred by the doctrine of *res judicata* is also a question of law which this court reviews *de novo*. *Philips Electronics*, 312 Ill. App. 3d at 1080, 728 N.E.2d at 664.

■ "Res judicata is a rule of universal law pervading every well regulated system of jurisprudence and embodies two maxims of the common law: (1) public policy and necessity which [make it in] the interest of the State that there should be an end to litigation; and (2) the hardship of the individual that he should be vexed twice for the same cause. Although it is recommended that the doctrine receive a liberal construction and should be applied without technical restrictions, it has also been recommended that the doctrine should not be applied so rigidly as to defeat the ends of justice. [Citation.]" *Thornton v. Williams*, 89 Ill. App. 3d 544, 546, 412 N.E.2d 157, 159 (1980).

■ With these principles in mind, we conclude that the doctrine of *res judicata* should not be applied to prevent arbitration of the amount of attorney fees. The issue of *whether* SLC is entitled to attorney fees is certainly distinct from the *amount* of those fees. SLC contends that the amount of fees could not have been decided in the arbitration, because the award granted SLC its reasonable fees until such time as the award entered shall have been paid. Thus, the ultimate amount of fees was inchoate. It is certainly conceivable that parties could decide between themselves what fees were reasonable. The parties' Agreement merely provides for reasonable attorney fees to be paid to the prevailing party. If either party wished for more particularity as to how those fees were to be determined, the Agreement could have so provided. The dispute as to whether the fees submitted by SLC to Federal Signal was reasonable did not arise until Federal Signal filed the present action in an attempt to avoid paying any fees, including those that were reasonable and properly awarded by the arbitrator. The doctrine of *res judicata* was intended to be used as a shield, not a sword. *Thornton v. Williams*, 89 Ill. App. 3d 544, 548, 412 N.E.2d 157, 160 (1980). We conclude that SLC's motion to compel arbitration is not barred by *res judicata*.

In accordance with the foregoing, we reverse the order of the circuit court denying SLC's motion to compel arbitration and stay

proceedings. In accordance with the provisions of the Act, we remand this case to the circuit court with directions to remand the case to the original arbitrator, or his successor appointed in accordance with section 3 of the Act (710 ILCS 5/3 (West 1998)), for a determination of the amount of reasonable attorney fees owed to SLC.

Reversed and remanded with directions.

CAMPBELL, P.J., and O'BRIEN, J., concur.