2020 IL App (1st) 190628-U

No. 1-19-0628

Order filed May 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

|  |  |  |
|---|---|---|
| AMYRIAD, INC., | ) | Appeal from the Circuit |
| Plaintiff-Appellant, | ) | Court of Cook County |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 18 L 3898 |
| JOHN H. RAY, III, an individual, and RAY LEGAL CONSULTING GROUP, P.C., | ) ) |  |
|  | ) | The Honorable John H. |
| Defendant-Appellee. | ) | Ehrlich, Judge Presiding |
|  | ) |  |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Griffin and Justice Hyman concurred in the judgment.

### ORDER

¶ 1    *Held:*    The circuit court did not abuse its discretion in dismissing case and compelling arbitration.

¶ 2    This is an appeal from the entry of an order denying reconsideration of the circuit court's order dismissing the case and compelling arbitration. Plaintiff filed an amended complaint against defendants alleging negligence, violation of the Illinois Deceptive Practices and Consumer Fraud Act (815 ILCS 505/1, *et seq.* (West 2018)), and breach of contract. Defendants filed a motion to dismiss and compel arbitration pursuant to 735 ILCS 5/2-619(a)(9) (West 2018) and 710 ILCS 5/2 (West 2018). The circuit court granted the motion to dismiss and compel arbitration. Plaintiff filed a motion to reconsider the order, which the circuit court denied. Plaintiff timely appealed. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                   I. BACKGROUND

¶ 4      Plaintiff filed an amended complaint against defendants on July 24, 2018. In its amended complaint, plaintiff, Amyriad, Inc., alleged that "Plaintiff and [John H. Ray, III, and Ray Legal Consulting Group, P.C.] entered into a valid contract for legal services for litigating" an appeal that plaintiff was pursuing in another case. Plaintiff alleged that its president, Harry Barnett, worked with John Ray over several months to complete a certified bystander's report of proceedings for that appeal. Plaintiff alleged that the trial court had scheduled a hearing for approval of the bystander's report for February 2016. However, plaintiff alleged that defendants failed to inform it that the appeal had been dismissed for want of prosecution on November 18, 2015, and that a subsequent motion to reinstate the appeal had been denied on December 30, 2015. Nevertheless, plaintiff alleged that the parties continued to meet regarding preparation of the bystander's report, and on February 1, 2016, plaintiff paid defendants an additional $3,500 in legal fees related to the appeal.

¶ 5      Plaintiff alleged that defendants were negligent by failing to prosecute the appeal. Plaintiff also alleged that defendants committed deceptive practices by continuing to accept payment for legal services related to the appeal without informing plaintiff that the appeal had been dismissed. Finally, in its amended complaint plaintiff stated that the parties "entered a valid contract for legal services for litigating the appeal," that plaintiff had "performed under the contract by paying legal fees to defendants as agreed," and that defendants breached the contract by failing to perform legal services as agreed. In its operative complaint, plaintiff did not specify whether the contract was oral or written, nor did plaintiff attach a copy of the contract to the complaint. In its complaint, however, plaintiff alleged that it entered into a "written contract for legal services."

¶ 6      Defendants filed a motion to dismiss and compel arbitration pursuant to 735 ILCS 5/2-

619(a)(9) and 710 ILCS 5/2. Defendants argued that the complaint should be dismissed and arbitration compelled because in the parties' contract for legal services, plaintiff agreed to arbitrate all claims arising out of defendants' legal representation of plaintiff. Defendants did not attach a copy of the contract purportedly signed by both parties to their motion. Rather, defendants attached the affidavit of defendant, John Ray, and copies of two emails between the parties.

¶ 7　　The affidavit can be summarized as follows. The parties entered a written contract for legal services on or about June 7, 2015. This was the only contract between the parties. "Plaintiff represented that he signed and retained a copy of the [contract], which he would deliver to Defendants, but Defendants have not had the opportunity to search for the executed copy in storage files to determine if it has a signed copy." Ray attested that Harry Barnett had previously entered into a similar contract with similar terms with defendants. Both parties acted in conformity with the contract, and plaintiff later paid invoices that were issued pursuant to the contract.

¶ 8　　Also attached to defendants' motion was an email dated June 7, 2015, from John Ray to Harry Barnett. The email included a contract for legal services related to the appeal that was signed by John Ray, but not by plaintiff. Defendants alleged that this was the agreement entered into between the parties. In the body of the e-mail, John Ray wrote, "Please review, and if acceptable, countersign." The contract contained the following provision.

> "Arbitration. You agree that any disputes arising out of the representation shall be submitted to confidential and binding arbitration with and under the rules of the American Arbitration Association in and only in Chicago, Illinois (or with such other arbitrator or mediator and in such other place as mutually agreed to by the parties), and hereby waive any right to a jury or to bring any action in any court of competent jurisdiction. This Agreement shall be governed by and construed in accordance with the laws Illinois without

3

regard to conflict of law principles."

¶ 9    Defendants also attached to their motion another email from John Ray to Harry Barnett. This email contained the first billing statement issued to plaintiff for legal services rendered by defendants for the appeal. The billing statement referenced the appeal and bystander's report, and the hourly rates billed reflected those set forth in the contract attached to the June 7, 2015, email.

¶ 10    In its response, Plaintiff argued that the arbitration provision in the contract attached to defendants' motion was unenforceable because the contract was never signed by plaintiff. Plaintiff argued that without a signed written agreement, the parties did not have a valid arbitration agreement under 710 ILCS 5/1 (West 2018). Plaintiff also argued that the arbitration agreement could not be made enforceable by its payment of the invoices because the invoices did not specifically reference the purported contract. Plaintiff did not file a counter affidavit to dispute John Ray's statements that the contract attached to the June 7, 2015, email was the operable agreement, that plaintiff signed the contract, and that plaintiff paid the invoices in accordance with the contract.

¶ 11    On November 26, 2018, the circuit court granted defendants' motion to dismiss and compel arbitration. The order granting the defendants' motion read,

> "This matter coming to be heard on defendants' motion to dismiss and compel arbitration, due notice having been given to the parties, and the court being fully advised, it is hereby ordered that defendants' motion is granted, the case is dismissed and arbitration compelled."

The record on appeal contains no report of proceedings or certified bystander's report of proceedings for the November 26, 2018, hearing, as provided for in Illinois Supreme Court Rule 323 (eff. Jul. 1, 2017).

¶ 12    On December 26, 2018, Plaintiff filed a motion to reconsider the court's November 26, 2018, order. Defendants filed their response in opposition and a cross-motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jul. 19, 2018). On February 25, 2019, the circuit court denied the motion to reconsider and cross-motion for sanctions. The order denying plaintiff's motion to reconsider read,

> "This matter coming to be heard on plaintiff's motion to reconsider the November 26, 2018 order. The parties received proper notice, the court has jurisdiction over the parties and the subject matter, and the court has been fully apprised of all issues. It is ordered: plaintiff's motion is denied. Defendants' cross-motion for sanctions is denied."

The record on appeal contains no report of proceedings or certified bystander's report of proceedings for the hearing on plaintiff's motion to reconsider.

¶ 13    Plaintiff filed a notice of appeal on March 26, 2019. In the notice of appeal, which was not designated as interlocutory, plaintiff stated that it was appealing from the court's November 26, 2018, order dismissing the case and compelling arbitration and the court's February 25, 2019, order denying reconsideration of the November 26, 2018, order.

¶ 14                                    II. ANALYSIS

¶ 15    We have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017). Under Rule 307, an interlocutory appeal may be taken from an order granting or denying a motion to compel arbitration because such motions are "analogous to a motion for injunctive relief." *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 496 (2002). The denial of a motion to reconsider an order compelling arbitration has the effect of perpetuating an injunction and is also appealable under Rule 307. *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023,

1025 (2005) (citing *Clark v. Country Mutual Insurance Co.,* 131 Ill. App. 3d 633, 636 (1985), and *Property Management, Ltd. v. Howasa, Inc.,* 14 Ill. App. 3d 536, 539 (1973)). Because plaintiff filed his notice of appeal within 30 days of the entry of the order denying reconsideration of the court's November 26, 2018, order, we have jurisdiction to hear its appeal from the order denying the motion to reconsider.

¶ 16    We note that the parties disagree as to our standard of review. Plaintiff argues that the circuit court made no factual findings in entering its order dismissing the case and compelling arbitration, and therefore our standard of review is *de novo*. Defendants argue that the circuit court made factual findings regarding the existence of the agreement and arbitration provision, and thus its decision on the motion to compel should be reviewed for abuse of discretion, and any factual findings made on the motion to dismiss should be reviewed under the manifest weight of the evidence standard.

¶ 17    On an interlocutory appeal under Rule 307, we consider only whether there was "a sufficient showing to sustain the order of the trial court granting or denying the relief sought." *Bass*, 328 Ill. App. 3d at 496. "Generally, the standard of review of an order granting or denying a motion to compel arbitration is whether the trial court abused its discretion." *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001). However, where the facts are not in dispute and trial court makes its determination on arbitrability as a matter of law, the trial court's order on a motion to compel arbitration is reviewable *de novo. Id.* at 1105-1106.

¶ 18    Our determination of the standard of review is complicated by the fact that plaintiff failed to provide this court with a report of proceedings or certified bystander's report of proceedings for the court's rulings on the motion to dismiss and compel arbitration and the motion to reconsider. Generally, the appellant bears the burden of providing the reviewing court with a complete record

to support its claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Without such a record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 391-392.

¶ 19    Our review of the parties' briefs on the motion to reconsider the November 26, 2018, order and the briefs before this court reveals that plaintiff claims the circuit court's erred in finding that the parties entered into a valid contract to arbitrate. Essentially, plaintiff argues that it did not accept the contract because there is no evidence that it signed and delivered the agreement to the defendants, and that therefore the contract and arbitration provision are not enforceable against it. Plaintiff argues that the parties intended for plaintiff to sign and deliver the contract to defendants before the contract became enforceable, but there is no proof that it did so. Plaintiff also argues that its acts in conformity with the contract cannot be a substitute for its signature to show its acceptance of the contract.

¶ 20    "An agreement to arbitrate is treated like any other contract." *Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill. App. 3d 20, 24 (2005). The existence of a contract, its terms, and the intent of the parties are questions of fact. *Hedlund & Hanley, LLC v. Board of Trustees of Community College District No. 508*, 376 Ill. App. 3d 200, 205 (2007). "Whether a writing constitutes a binding contract, even though it is not signed, as is the situation presented in the present case, usually depends upon the intention of the parties." *Id.* at 206.  A party to a contract may indicate his acceptance of terms by his signature, but where the mode of acceptance is not specified, acceptance and intent to be bound may be shown by acts or conduct of the parties. *Id*.

¶ 21    On a motion to dismiss and compel arbitration, the defendant has the initial burden to put forth evidence supporting the basis for the motion if the basis is not evident from the complaint.

*Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1101 (2009). "By presenting an affidavit supporting the basis for the motion, the defendant satisfies the initial burden of going forward on the motion, and the burden then shifts to the plaintiff. [Citation.] In order to establish that the motion is unfounded, a counteraffidavit or other proof is necessary to refute the evidentiary facts properly asserted by the affidavit supporting the motion. [Citation.]" *Id.* at 1102. " 'Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it.' " *Griffith v. Wilmette Harbor Association, Inc.*, 378 Ill. App. 3d 173, 180 (2007) (quoting *Travis v. American Manufacturers Mutual Insurance Co.,*335 Ill. App. 3d 1171, 1174 (2002)).

¶ 22    Because plaintiff's argument that it did not validly accept the contract raises a claim of error regarding the circuit court's factual finding as a basis to compel arbitration, we review the circuit court's decision for an abuse of discretion.

¶ 23    We find that defendants satisfied their burden to show a basis for the circuit court to compel arbitration. John Ray presented an affidavit stating that, although he could not find an executed version of the contract, the contract and arbitration provision existed in the email he attached to his affidavit, that plaintiff signed the contract, and that plaintiff performed under the contract by paying invoices for legal services rendered at the rate specified in the contract. Defendants also attached the contract and the first billing statement to their motion.

¶ 24    Plaintiff submitted no counteraffidavit or evidence of any kind to dispute the evidence put forth by defendants. Rather, plaintiff argues that the email from John Ray to Harry Barnett stating, "Please review and, if acceptable, countersign," and attaching the contract, showed that the parties intended plaintiff's signature and delivery of the contract to defendants to be a condition precedent to the creation of a valid, written contract to arbitrate. We disagree. This language standing alone

is not evidence that the parties intended plaintiff's signature and delivery to be the exclusive mode of acceptance. Rather, the permissive language in the email demonstrates a suggested or preferred mode of acceptance. The record shows that the plaintiff agreed there was a "valid contract" and did not dispute by way of a counteraffidavit that the agreement was as shown in the June 7 email and that plaintiff manifested its acceptance of the contract, including the arbitration provision, by paying subsequent invoices generated under the agreement. Further, the record shows that the parties intended the contract to be binding in the absence of a signed and delivered contract because defendants continued to perform legal services under the contract, and plaintiff paid the invoices issued for those legal services at the rate set forth in the contract. Plaintiff does not dispute any of these facts and the contention that only a signed agreement is proof of an agreement is not persuasive.

¶ 25    Plaintiff also argues that defendants were required by the Illinois Rules of Professional Conduct to advise it that the contract would become effective without its signature and delivery to defendants. We find nothing in the record that shows this argument was properly raised in the circuit court. "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). We find that plaintiff waived this argument by failing to advance it in the circuit court.

¶ 26    Based on the record before us, we find that there was sufficient evidence to sustain the circuit court's order dismissing the case and compelling arbitration based on the defendant's affidavit, attached emails and contract, and invoice submitted by defendants evidencing an intent to submit disputed issues arising under the agreement to be submitted to arbitration. Therefore, we find that the circuit court's order dismissing the case and compelling arbitration was not an abuse of discretion.

¶ 27                                    III. CONCLUSION

¶ 28     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 29     Affirmed.